IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1-11-cv-01840-REB-MJW

TANYA YOUNG, on her own behalf and
on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

---

## PROTECTIVE ORDER ( Docket no 58-1 )

---

This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests such as: (a)

personnel records or data of current or former third-party employees of Defendant; and (b) Defendant's trade secrets or other confidential and proprietary commercial or financial information belonging to Defendant, including operations data. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case or the following cases: *Smith v. Dollar Tree Stores, Inc.*, Case No. 1:11-cv-02299; *Bland v. Dollar Tree Stores, Inc.*, Case No. 2:11-CV-00527. If both parties agree, the case list included in this Paragraph 3 may be amended to include additional "Related Actions" that are yet to be filed. "Related Actions" are understood only to be cases in which Defendant's Assistant Store Managers are suing Defendant for unpaid wages under the FLSA and/or state wage and hour laws, and are represented by Morgan & Morgan, P.A.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, or "Related Actions" (as defined in Paragraph 3 above) if agreed to by both parties, and shall not, without the consent of the party producing it, or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for Defendant;

 (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

 (e) the Court and its employees ("Court Personnel");

 (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

 (g) deponents, witnesses, or potential witnesses; and

 (h) other persons by written agreement of the parties.

 5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. The written acknowledgment to be executed prior to disclosing any CONFIDENTIAL information is attached hereto as Exhibit A. Such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

 6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

 7. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks

and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party.

8. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. The parties agree that the provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 shall govern should any party inadvertently disclose documents that are privileged or otherwise immune from discovery.

10. Any pleadings, exhibits or filings which contain CONFIDENTIAL information, or testimony designated as CONFIDENTIAL, shall be filed under seal with the Court in accordance with D.C.COLO.LCivR 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado." Prior to disclosure at trial or a hearing regarding CONFIDENTIAL information, the parties may seek further protections against public disclosure from the Court.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may


designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

12. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit, or other written assurances as agreed to by the parties at the conclusion of the case, confirming the destruction.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 7th day of November, 2011.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1-11-cv-01840-REB-MJW

TANYA YOUNG, on her own behalf and
on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

---

# EXHIBIT A:
# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

---

I, _____, declare and say that:

1.   I am employed as _____ by _____.

2.   I have read the Protective Order entered in *Tanya Young, et al. v. Dollar Tree Stores, Inc.*, and have received and reviewed a copy of the Protective Order.

3.   I promise that I will use any and all information designated as "CONFIDENTIAL", as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.   I promise that I will not disclose or discuss such information designated as "CONFIDENTIAL" with anyone other than the persons described in Paragraph 4 of the Protective Order.

2

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the U.S. District Court for the District of Colorado with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of information designated as "CONFIDENTIAL" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: _____.          Name: _____