IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

Plaintiff(s),

v.

DOLLAR TREE STORES, INC.,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S *NUNC PRO TUNC* MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT AND MEMORANDUM OF LAW (DOCKET NO. 30)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's *Nunc Pro Tunc* Motion for Leave to File Amended Complaint and Memorandum of Law (docket no. 30).  The court has reviewed the subject motion (docket no. 30) and the response (docket no. 65) thereto.  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2.      That each party has been given a fair and adequate opportunity to

be heard;

3.      That pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely

give leave [to amend] when justice so requires."  "Refusing leave to

amend is generally only justified upon a showing of undue delay,

undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or

futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th

Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365

(10th Cir. 1993)).


As to Defendant's futility argument, Judge Ebel has previously

addressed that issue in the case of General Steel Domestic Sales,

LLC v. Steelwise, LLC, 2008 WL 2520423 (D. Colo. June 20,

2008).  In the General Steel case, Judge Ebel stated, in pertinent

part:  ". . . Defendants' futility argument seems to place the cart

before the horse.  Rather than force a Rule 12(b)(6) motion into a

Rule 15(a) opposition brief, the defendants may be better served by

waiting to assert Rule 12 motions until the operative complaint is in

place;" and

4.      That Plaintiff's *Nunc Pro Tunc* Motion for Leave to File Amended

Complaint and Memorandum of Law (docket no. 30) is GRANTED

for the reasons stated above and in the interest of justice as

outlined in Fed. R. Civ. P. 15(a)(2).  Accordingly, the Amended

3

Complaint & Demand for Jury Trial (docket no. 28) is accepted for

filing as of the date of this Order.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1.    That Plaintiff's *Nunc Pro Tunc* Motion for Leave to File Amended

Complaint and Memorandum of Law (docket no. 30) is GRANTED.

The Amended Complaint & Demand for Jury Trial (docket no. 28) is

ACCEPTED for filing as of the date of this ORDER; and

2.    That each party shall pay their own attorney fees and costs for this

motion.

Done this 18TH of November 2011.

BY THE COURT


s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE