**EXHIBIT B**



Slip Copy, 2012 WL 234653 (E.D.Mo.)
**(Cite as: 2012 WL 234653 (E.D.Mo.))**

Only the Westlaw citation is currently available.

United States District Court,
E.D. Missouri,
Eastern Division.
Tab **EVANS**, Plaintiff,
v.
**CONTRACT** CALLERS, INC., Defendant.

No. 4:10CV2358 FRB.
Jan. 25, 2012.

Daniel K. Wiig, Jeffrey D. Pollack, Mintz & Gold LLP, New York, NY, Stephen F. Meyerkord, Meyerkord and Meyerkord, LLC, St. Louis, MO, for Plaintiff.

Ira L. Blank, The Enterprise Law Group, LLC, Lawrence B. Wittels, Law Office of Lawrence B. Wittels, St. Louis, MO, for Defendant.

### *MEMORANDUM AND ORDER*

FREDERICK R. BUCKLES, United States Magistrate Judge.

**\*1** Presently pending before the Court is plaintiff Tab Evans' Motion to Alter or Amend the Memorandum and Order Denying Conditional Class Certification (Doc. # 35). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Tab Evans filed the instant action in this Court on December 17, 2010, alleging that his former employer, defendant Contract Callers, Inc. (CCI), violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.,* by 1) failing to pay federally mandated overtime compensation, and 2) failing to pay the federally mandated minimum wage for all hours worked.FN1 Plaintiff thereafter requested that the matter be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) so that he may notify other past and present CCI employees of this action and provide them the opportunity to "opt in" as plaintiffs to this litigation. In a Memorandum and Order entered November 16, 2011, the Court denied plaintiff's Motion for Conditional Class Certification finding that, upon consideration of the evidence and information submitted to the Court and the parties' respective arguments, plaintiff failed to meet the minimal threshold necessary to obtain conditional certification in this matter. (*See* Doc. # 31, Memo. & Order.) Plaintiff now requests the Court to reconsider this determination. Defendant has responded to the motion.

> FN1. CCI provides services for utility companies nationwide, with such services including disconnects and reconnects of electrical, gas and water services. From February 2008 to June 2009, plaintiff was employed by CCI as a field service employee who performed electric service disconnects and reconnects in the St. Louis, Missouri, area.

As an initial matter, the undersigned notes that plaintiff requests this Court to reconsider its Memorandum and Order pursuant to Fed.R.Civ.P. 59(e), which governs motions to alter or amend judgments. For purposes of the federal rules, "judgment" is defined to include a decree and any order from which an appeal lies. Fed.R.Civ.P. 54(a); *Auto Servs. Co., Inc. v. KPMG, LLP,* 537 F.3d 853, 856 (8th Cir.2008). "Thus, 'judgment' encompasses both a final judgment and an appealable interlocutory order." *Auto Servs.,* 537 F.3d at 856. An order dismissing fewer than all claims or parties is generally not a final judgment unless the Court directs the entry of final judgment on such claims under Rule 54(b) or expressly indicates that the order is an immediately appealable interlocutory decision under 28 U.S.C. § 1292(b). *Id.* In the absence of such a judgment under Rule 54(b) or an order under § 1292(b) certifying an immediate appeal, a Rule 59(e) motion to challenge a nonfinal order may

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

only be filed after the district court enters a final judgment. *Id.* "Rule 59(e) motions are motions to alter or amend a *judgment,* not any nonfinal order." *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999) (emphasis in original).

In this cause, plaintiff requests the Court to alter or amend its Memorandum and Order denying his request for conditional class certification. Plaintiff cites to no authority, and the Court is aware of none, which directs that a denial of conditional class certification under the FLSA is an immediately appealable order constituting a "judgment" for purposes of Rule 59(e). Although immediate interlocutory review of class certification decisions made under Rule 23 is available at the discretion of the court of appeals, *see* Fed.R.Civ.P. 23(f), a " 'garden-variety' § 216(b) FLSA action ... is not a Rule 23 class action, so Rule 23(f) is inapplicable." *Baldridge v. SBC Commc'ns, Inc.,* 404 F .3d 930, 933 (5th Cir.2005). *See also, e.g., O'Donnell v. Robert Half Int'l, Inc.,* 534 F.Supp.2d 173 (D.Mass.2008) (denying interlocutory appeal of denial of FLSA conditional certification); *Drew v. Shoe Show, Inc.,* No. 10–cv–656–JPG–PMF, 2011 WL 5903622 (S.D.Ill. Nov. 22, 2011) (same). Accordingly, although plaintiff requests relief under Rule 59(e), such request is premature given the lack of a judgment in this cause. *Cf. Justine Realty Co. v. American Nat'l Can Co.,* 945 F.3d 1044, 1049 (8th Cir.1991) ("The denomination of a motion as one pursuant to Rule 59(e) does not make it so.").

**\*2** Federal Rule of Civil Procedure 54(b), however, permits the district court to "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Auto Servs.,* 537 F.3d at 856–57 (citing *Partmar Corp. v. Paramount Pictures Theatres Corp.,* 347 U.S. 89, 100 (1954) (observing that "[t]he power remained in the trial court until the entry of his final judgment to set aside, for appropriate reasons," orders previously entered in the case); *Interstate Power Co. v. Kansas City Power & Light Co.,* 922 F.2d 804, 807 (8th Cir.1993) ("Under the last clause of Rule 54(b), a non-final order 'is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.' ")). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." As such, motions to reconsider rulings made before all claims are decided may be considered under Rule 54(b). *Interstate Power,* 992 F.2d at 807; *Jones v. Casey's Gen. Stores,* 551 F.Supp.2d 848, 854 (S.D.Iowa 2008). The undersigned will therefore construe plaintiff's instant motion to alter or amend as a request to reconsider the Memorandum and Order under Rule 54(b).

Under Rule 54(b), the Court may amend or reconsider any ruling in order "to correct any clearly or manifestly erroneous findings of facts or conclusions of law." *Jones,* 551 F.Supp.2d at 854 (internal citations and quotation marks omitted). A motion brought under Rule 54(b), however, "may not 'serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought.' " *Id.* at 854–55 (quoting *Grozdanich v. Leisure Hills Health Ctr., Inc.,* 48 F.Supp.2d 885, 888 (D.Minn.1999)). Although the Court "has the power to revisit prior decisions of its own ... in any circumstance, [it] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n. 8 (1983)).

In the instant motion, plaintiff identifies three areas in which, he argues, the Court erred in making its determination to deny his request for condi-

tional class certification. The undersigned will address each contention in turn:

A. *Legal Error in Applying Conditional Certification Standard*

In his motion, plaintiff claims that the Court committed legal error by applying a much higher standard than required for plaintiff to secure conditional certification. Specifically, plaintiff contends that the Court improperly required plaintiff to show that he and other putative class members were subjected to a "single" plan or policy rather than a "common" plan or policy that violated the law, and further, that the Court required that plaintiff and other putative class members be "identically" situated rather than "similarly" situated. For the following reasons, plaintiff's motion to reconsider on this basis should be denied.

***3** In the Memorandum and Order, the Court set out the two-step process which courts in this district and other district courts in the Eighth Circuit have often used in determining whether a § 216(b) collective action is appropriate in any given case: "In this two-step process, the plaintiff first seeks early conditional certification for notice purposes. If granted, discovery is allowed to proceed, the defendant may move for decertification, and the court considers the merits, including whether the plaintiff has shown that the class comprises similarly situated employees." (Memo. & Order, Doc. # 31, at p. 3.) The only question before the Court and determined in the Memorandum and Order was whether plaintiff met the minimal threshold required at the first step of securing a § 216(b) collective action, that is, whether plaintiff presented some evidence supporting " 'substantial allegations that the putative class members were together the victims of a single decision, policy or plan[.]' " (*Id.* at p. 4 (quoting *Davis v.. NovaStar Mortg., Inc., 408 F.Supp.2d 811, 815 (W.D.Mo.2005)*). Notably, this legal requirement of demonstrating a "single decision, policy or plan" was articulated in plaintiff's memorandum supporting his request for conditional certification. (*See* Pltf.'s Memo. of Law in Supp. of Mot. for Cond. Class Cert., Doc. # 21, at pp. 12, 13.) For plaintiff to come before the Court now and argue that the Court erred in applying the standard that he, himself, pursued appears disingenuous. Nevertheless, whether the Court were to consider the challenged policies as a "single" decision, plan or policy or as "common," a review of the discussion in the Memorandum and Order shows this to be a distinction without a difference inasmuch as the consequences of which plaintiff complains were the result of personal decisions made by plaintiff and not on account of defendant's policies, whether denominated as "single," "common" or otherwise.

In addition, to the extent plaintiff argues that the Court required him to show that he and the putative class members were "identically" situated instead of "similarly" situated, a review of the Memorandum and Order belies this assertion. Other than attesting to his own personal circumstances, plaintiff presented only the affidavit of Michael McGlone, an hourly-paid CCI field service employee in New York City, New York, in his effort to show that putative class members were together the victims of CCI's alleged unlawful policy/ies.[FN2] In the instant motion to alter or amend, plaintiff cites only to the Court's differentiation between the one-hour lunch deduction of which plaintiff complains and the thirty-minute lunch deduction of which Mr. McGlone complains and "respectfully suggests that is too strict a reading of the term 'similarly situated[.]' " (Pltf.'s Mot. to Alter or Amend, Doc. # 35, at p. 2.) A review of the Memorandum and Order *in its entirety* shows, however, that plaintiff's circumstances and those of Mr. McGlone differed significantly in matters in addition to the specific period for which mealtime deductions were made. (*See* Memo. & Order, Doc. # 31, at pp. 18–20.)[FN3] As discussed in the Memorandum and Order, plaintiff's circumstances and Mr. McGlone's circumstances were not so similar to justify binding their claims to be heard together in the interest of judicial efficiency. (*Id.*)

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

FN2. In his declaration submitted in support of his motion for conditional certification, plaintiff repeatedly declared that "upon [his] best information and belief," other employees at the St. Louis office experienced the same and/or similar violations of the FLSA on account of CCI's policies. Statements in affidavits based only on "information and belief," however, do not constitute admissible evidence establishing actual knowledge of facts. *See* [Gardner v. Howard, 109 F.3d 427, 431 (8th Cir.1997)](#); [Hummel–Jones v. Strope, 25 F.3d 647, 649 n. 4 (8th Cir.1994)](#). *See also* [Sjoblom v. Charter Commc'ns, LLC, No. 3:07–cv–451–bbc, 2007 WL 4560541, at \*10 (W.D.Wis. Dec. 19, 2007)](#) (although the burden for conditional certification is low, "[a]n affiant must [nevertheless] testify about what he observed himself and not speculate about what he thinks happened."). Plaintiff's unsupported statements of "information and belief," therefore, are not admissible to show what other employees in CCI's St. Louis office experienced. Other than Mr. McGlone's declaration, plaintiff submitted no other evidence showing what other CCI employees experienced in regard to defendant's alleged FLSA violations.

FN3. The Court will not repeat here the multiple differences between plaintiff's circumstances and the circumstances alleged by Mr. McGlone (including the manner and method of pay), and instead refers the parties to the discussion at pages 18 through 20 of its previous Memorandum and Order. The Court wishes to note, however, that to the extent plaintiff avers in the instant motion to alter or amend that the Court misstated the class plaintiff sought to conditionally certify in that plaintiff requested in his motion for conditional certification that the class include all field service employees, regardless as to how they are compensated (Pltf.'s Mot. to Alter or Amend, Doc. # 35, at p. 1, n. 1), plaintiff's claim of error is itself misplaced. In his Complaint, plaintiff avers that he "and [the putative] Class Members were paid a[sic] *on a piece-rate basis* " (Pltf.'s Compl. at para. 15) (emphasis added) and "*were paid in the same manner* and under the same standard employment procedures and practices" (*id.* at para. 42) (emphasis added). Although plaintiff presently claims that, in his motion for conditional certification he sought certification for "all field service employees, however compensated," such motions may not be used to expand the scope of the proposed class beyond that which is contained in the Complaint. [Castillo v. P. & R Enters., Inc., 517 F.Supp.2d 440, 446 (D.D.C.2007)](#).

**\*4** Accordingly, a review of the Memorandum and Order shows no manifest legal error in the Court's application of the accepted standard for determining whether early conditional certification is appropriate. The Court set out the appropriate standard, applied the standard to the evidence presented on the motion, and determined plaintiff not to have met the threshold necessary for certification. Plaintiff has presented nothing to persuade the Court that the legal standard articulated and applied in its Memorandum and Order was manifestly erroneous, or that the conclusions based thereon worked a manifest injustice.

B. *Colorable Showing that All Putative Class Members Subject to Common Policy of Automatic Lunch Break Deduction*

Plaintiff reargues the position taken in his initial motion and memorandum—that CCI had a common policy throughout its nationwide offices to deduct designated periods from employees' work time to account for lunch breaks without regard to whether employees actually took such a break—and contends that the Court erred in its determination

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

that no evidence demonstrated such a nationwide policy.

In the Memorandum and Order, the Court stated the following:

During the period relevant to the instant cause, CCI's St. Louis office had a policy of deducting one hour from an employee's compensable time on a daily basis to account for lunch, regardless of whether the employee actually took time for lunch. The St. Louis office and CCI's Philadelphia office implemented this policy as a result of an investigation conducted by the Department of Labor in or around 2001–2002 regarding overtime compensation paid to per-piece employees at CCI's St. Louis and Philadelphia offices. There is no evidence that the Department of Labor conducted the same or similar investigations at any other CCI office or that similar one-hour lunch period policies resulted therefrom.

...

... There is no evidence that CCI had a nationwide policy mandating a one-hour per day deduction for mealtime.

(Memo. & Order, Doc. # 31, at pp. 8–10.) The Court's statement that there was "no evidence" of a nationwide policy of deducting one-hour per day for mealtime was error.

With his motion for conditional certification, plaintiff submitted the deposition testimony of William T. Wertz, President of CCI, who testified to the Department of Labor (DOL) investigation conducted in 2001–02 regarding overtime compensation paid to piece-rate workers in the St. Louis and Philadelphia offices. (Pltf.'s Mot. for Cond. Class Cert., Doc. # 20, Exh. A, Wertz Depo. at p. 53.) Plaintiff also submitted the deposition of Yancey Emery, General Manager of CCI's St. Louis office, who testified that the policy setting the one-hour mealtime deduction arose out of this investigation. (*Id.,* Exh. B, Emery Depo. at 35–36.) Mr. Wertz testified that the policy changes made in Philadelphia were the same as those made in St. Louis as a result of the investigation. (*Id.,* Exh. A, Wertz Depo. at p. 54.) It was the combination of this testimony which provided the basis for the statement set out above, that is, that while there was evidence of the mealtime policy being implemented in the offices where the DOL investigation was conducted, there was no evidence that other CCI offices implemented similar one-hour lunch period policies as a result of the DOL investigation.

*\*5* When summarizing this evidence, the Court overlooked the following testimony given by Mr. Wertz:

Q. And when you made these changes after the St. Louis investigation, did you make those changes to all your offices where you have piece-paid workers?

A. Yes.

(Pltf.'s Mot. for Cond. Class Cert., Doc. # 20, Exh. A, Wertz Depo. at p. 54.) While this oversight was unintentional, it nevertheless resulted in a factual misstatement of the evidence. Accordingly, to the extent plaintiff requests the Court to reconsider its Memorandum and Order to correct this erroneous finding of fact, the motion should be granted. On the evidence and information presented to the Court on plaintiff's motion for conditional certification, there was sufficient evidence demonstrating that CCI had a nationwide policy of taking a mealtime deduction per day for its piece-rate employees.

The correction of this error of fact, however, does not alter the Court's legal conclusion. As discussed in the Memorandum and Order, despite the policy that one hour be deducted from an employee's daily compensable time for lunch, there nevertheless was evidence that such time was not deducted in the St. Louis office when employees informed the office that they did not, in fact, take such time. The evidence and information before the Court thus showed that plaintiff's decision not to in-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

form CCI that he was not taking lunch breaks, and thus not get paid for working during such breaks, was a decision personal to him and not made pursuant to a CCI policy of which all field service employees were victims. (Memo. & Order, Doc. # 31, at pp. 10–11.) To the extent plaintiff relied on the affidavit of Mr. McGlone to establish a common factual and legal nexus with other CCI employees regarding CCI's mealtime deduction, the Court noted in its Memorandum and Order that Mr. McGlone's circumstances were distinguishable and significantly dissimilar from plaintiff's in this regard inasmuch as 1) evidence demonstrated that the St. Louis office paid its employees for the one-hour lunch break if it was informed that the affected employee(s) worked through their lunch hour; and 2) Mr. McGlone's attempts to record the overtime hours he worked were met with reprimand by his supervisor and instruction not to record such hours again. Plaintiff made no similar allegation here. (*Id.* at pp. 19–20.)

In addition, plaintiff's bare assertion that CCI should have known that its employees were not taking lunch breaks, with nothing more, is insufficient to constitute evidence that CCI engaged in a systematic policy of violating the FLSA with regard to its mealtime deduction. *See Haynes v. Singer Co., Inc.,* 696 F.2d 884, 887 (11th Cir.1983) ("unsupported assertions that FLSA violations were widespread" do not meet plaintiff's burden of showing that class members were victims of a single decision, policy or plan); *Sjoblom v. Charter Commc'ns, LLC,* No. 3:07–cv–451–bbc, 2007 WL 4560541, at *10 (W.D.Wis. Dec. 19, 2007) (speculation insufficient to satisfy burden for conditional certification).

**\*6** Accordingly, with correction of the factual error set out above, and upon review of the evidence demonstrating that CCI had a nationwide policy of taking a mealtime deduction per day for its piece-rate employees, the Court continues to conclude that plaintiff fails to meet the threshold required for conditional certification under § 216(b). Plaintiff has presented nothing to persuade the Court that its initial decision, even upon correction of its factual error, was clearly erroneous and would work a manifest injustice if allowed to stand.

C. *Colorable Showing that All Putative Class Members Subject to Common Practice of Requiring Off–the–Clock Work*

Finally, plaintiff claims that the Court erred in its Memorandum and Order with regard to the performance of "off the clock" duties. Plaintiff specifically claims that the Court erred by 1) relying on semantics in determining that plaintiff personally chose to perform the delineated duties off the clock rather than being required to do so by defendant's policies; 2) relying on morning and evening checklists to determine the order in which duties were to be performed, and thus whether they were required to be performed off the clock; and 3) improperly making credibility determinations on the deposition testimony provided by the parties.

With regard to semantics, plaintiff takes issue with the Court's recitation of plaintiff's averments made in his Complaint that he and other employees "often" arrived at work prior to the official start of the workday and "often" performed work before reporting in the office, as distinguished from Mr. McGlone's averments that defendant CCI "required" him to arrive at work at least thirty minutes to an hour early and would not allow him to log in. (Memo. & Order, Doc. # 31, at pp. 18–19.) The undersigned has reviewed the Memorandum and Order in its entirety, as well as plaintiff's Complaint and the evidence and information submitted on plaintiff's motion for conditional certification, and determines there to be no basis upon which to find the Court's discussion and conclusion to be clearly or manifestly erroneous. An allegation that an employer "required" its employees to arrive at and perform work for up to an hour prior to being permitting to clock in for the workday is significantly distinguishable from an allegation that an employee "often" arrived at work early and performed work before clocking in. The difference is not a matter of

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

semantics, as argued by plaintiff, but one of substance. To the extent plaintiff argues that, semantics aside, defendant should have known that plaintiff and other employees were arriving early and performing work duties prior to clocking in, speculation alone is insufficient to meet the threshold required for conditional certification.

The undersigned has likewise reviewed the Memorandum and Order in its entirety in relation to plaintiff's current challenge relating to the Court's reliance on the checklists, and determines there to be no basis upon which to find the Court's discussion relating thereto to be clearly or manifestly erroneous in light of the evidence and information presented to the Court on plaintiff's motion for conditional certification.

**\*7** The undersigned now turns to plaintiff's final argument that the Court improperly made credibility determinations on the deposition testimony provided by the parties. In support of this contention, plaintiff cites to his own deposition testimony, at page 45, with respect to his allegation that he met with a supervisor in the lot before clocking in to record his odometer reading. (Pltf.'s Mot. to Alter or Amend, Doc. # 35, at p. 13.) Citing Mr. Emery's deposition testimony, plaintiff argues that Mr. Emery initially agreed with plaintiff's testimony and then changed his testimony to say that such procedure of recording odometer readings typically happened after the employee clocked in. (*Id.*) Plaintiff argues in the instant motion that the Court erred by crediting Mr. Emery's "changed" testimony over that which corroborated plaintiff's testimony. The undersigned has reviewed the relevant portion of the Memorandum and Order summarizing Mr. Emery's deposition testimony as well as the entirety of the deposition excerpts which were submitted on plaintiff's motion for conditional certification, and finds the Court's recitation of the evidence not to be clearly erroneous, and indeed to be accurate. (*Compare* Pltf.'s Mot. for Cond. Class Cert., Doc. # 20, Exh. B, Emery Depo. at pp. 40–41, 101, *with* Memo. & Order, Doc. # 31, at p. 12.)

The Court is troubled, however, by plaintiff's apparent reliance on a certain excerpt of his own deposition testimony to support his argument that the Court made improper credibility determinations in its Memorandum and Order denying conditional class certification. As noted above, in the instant motion to alter or amend, plaintiff refers to page 45 of his deposition to support this argument. However, page 45 was not before the Court on plaintiff's motion for conditional certification. Although an excerpt of plaintiff's deposition testimony was submitted on plaintiff's motion for conditional certification, page 45 was not among the pages submitted. (*See* Pltf.'s Mot. for Cond. Class Cert., Doc. # 20, Exh. D, Pltf.'s Depo.)

In addition, a review of plaintiff's instant motion to alter or amend *in toto* shows four additional instances where plaintiff relies on evidence never before submitted to the Court—whether on plaintiff's motion for conditional certification or otherwise—to argue that the Court erred in its previous decision. (*See* Pltf.'s Mot. to Alter or Amend, Doc. # 35, at p. 8, referring to Evans Tr. at 58; at p. 9, referring to Pollack Decl. Exh. B at 6 (doc. Evans 0072); at p. 9, referring to Emery Tr. at 33; at p. 13, referring to Emery Tr. at 109.) As noted *supra* at p. 5, a motion to reconsider under Rule 54(b) "may not 'serve as a vehicle to identify facts ... which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought.' " *Jones,* 551 F.Supp.2d at 854–55 (quoting *Grozdanich v. Leisure Hills Health Ctr., Inc.,* 48 F.Supp.2d 885, 888 (D.Minn.1999)). This is precisely what plaintiff appears to be doing here. Because the additional evidence cited in and submitted with plaintiff's instant motion to alter or amend was available to plaintiff during the pendency of his motion for conditional certification, he may not use it now as a vehicle to argue for reconsideration of the prior determination.

**\*8** Accordingly, for all of the foregoing reas-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

ons, plaintiff has failed to show that extraordinary circumstances exist which render the initial decision made in the Court's Memorandum and Order denying conditional certification under § 216(b) clearly erroneous, or that a manifest injustice would result if such decision were allowed to stand.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff Tab Evans' Motion to Alter or Amend the Memorandum and Order Denying Conditional Class Certification (Doc. # 35), construed by the Court as a motion to reconsider under Fed.R.Civ.P. 54(b), is granted to the extent plaintiff seeks to correct the Court's factual error made regarding defendant's nationwide policy of mealtime deductions. The Court thus finds that, based on the evidence and information presented to the Court on plaintiff's motion for conditional certification, there was sufficient evidence demonstrating that defendant Contract Callers, Inc., had a nationwide policy of taking a mealtime deduction per day for its piece-rate employees.

**IT IS FURTHER ORDERED** that, in all other respects, plaintiff Tab Evans' Motion to Alter or Amend the Memorandum and Order Denying Conditional Class Certification (Doc. # 35), construed by the Court as a motion to reconsider under Fed.R.Civ.P. 54(b), is denied.

E.D.Mo.,2012.
Evans v. Contract Callers, Inc.
Slip Copy, 2012 WL 234653 (E.D.Mo.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.