IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01840-REB-MJW


TANYA YOUNG, on her own behalf and on behalf of others similarly situated,

Plaintiff(s),

v.

DOLLAR TREE STORES, INC.,

Defendant(s).

---

**ORDER REGARDING**
**OPT-IN PLAINTIFFS' ALISHA KELLEY, QUINALA YOUNG, ADAM HADDOCK,**
**JERRY GOODWIN, LETTI HAYDEN, KIM HIGLEY, YOLANDA JOHNSON,**
**CHRISTOPHER KUNN, DAVID KERSCHKE, TANISHA MOFFETT, JOHNNY**
**ROLDAN, JAMIE RUSE, JANET RUSSELL, DAVID SANTIAGO, DENISE**
**SUSTERICH, KONRAD VENDRAK, AND GABRIEL THOMAS MOTION FOR**
**PROTECTIVE ORDER REGARDING THE LOCATION OF DEPOSITIONS AND**
**INCORPORATED MEMORANDUM OF LAW (DOCKET NO. 149)**

---

**Entered by Magistrate Judge Michael J. Watanabe**


This matter is before the court on the Opt-In Plaintiffs' Alisha Kelley, Quinala

Young, Adam Haddock, Jerry Goodwin, Letti Hayden, Kim Higley, Yolanda Johnson,

Christopher Kunn, David Kerschke, Tanisha Moffett, Johnny Roldan, Jamie Ruse, Janet

Russell, David Santiago, Denise Susterich, Konrad Vendrak, and Gabriel Thomas

Motion for Protective Order Regarding the Location of Depositions and Incorporated

Memorandum of Law (docket no. 149).  The court has reviewed the subject motion

(docket no. 149), the response (docket no. 155), and the reply (docket no. 159).  In

addition, the court has taken judicial notice of the court file and has considered

2

applicable Federal Rules of Civil Procedure and case law.  The court now being fully

informed makes the following findings of fact, conclusions of law and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to

be heard;

4.      That the Opt-In Plaintiffs, Alisha Kelley, Quinala Young, Adam

Haddock, Jerry Goodwin, Letti Hayden, Kim Higley, Yolanda

Johnson, Christopher Kunn, David Kerschke, Tanisha Moffett,

Johnny Roldan, Jamie Ruse, Janet Russell, David Santiago,

Denise Susterich, Konrad Vendrak, and Gabriel Thomas

[hereinafter Opt-In Plaintiff(s)], have decided to join this collective

action pending before this court in the District of Colorado.  Each

Opt-In Plaintiff had a choice to either opt-in or opt-out of this

collective action brought in the District of Colorado;

5.      That pursuant to 29 U.S.C. § 216(b), an Opt-In Plaintiff, in a

collective action, becomes a Party-Plaintiff and should be deposed

in the judicial district where the action is brought absent "extreme

hardship."  See Peiker Acustic, Inc. v. Kennedy, No. 10-cv-02083-

REB-MJW, 2011 WL 1344238, at *2 (D. Colo. Apr. 8, 2011);

3

<u>Gipson v. Southwestern Bell Tel. Co.</u>, No. 08-2017-KHV-KJW,

2008 WL 4499972, at *5 (D. Kan. Oct. 1. 2008); <u>Srebnik v. Dean</u>,

No. 05-cv-01086-WYD-MJW, 2006 WL 2331014, at *1 (D. Colo.,

June 20, 2006); and

6.       That the Opt-In Plaintiffs have failed to demonstrate "extreme

hardship" for having to come to the District of Colorado for their

depositions.  In addition, I find that the most efficient manner to

conduct depositions is to hold such depositions of the Opt-In

Plaintiffs in the District of Colorado one after another.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1.       That the Opt-In Plaintiffs' Alisha Kelley, Quinala Young, Adam

Haddock, Jerry Goodwin, Letti Hayden, Kim Higley, Yolanda

Johnson, Christopher Kunn, David Kerschke, Tanisha Moffett,

Johnny Roldan, Jamie Ruse, Janet Russell, David Santiago,

Denise Susterich, Konrad Vendrak, and Gabriel Thomas Motion for

Protective Order Regarding the Location of Depositions and

Incorporated Memorandum of Law (docket no. 149) is **DENIED**.

The depositions of the Opt-In Plaintiffs shall take place in the

District of Colorado; and

2.       That each party shall pay their own attorney fees and costs for this

4

motion.

Done this 14th day of March 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE