IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    11-cv-01840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

Plaintiff(s),

v.

DOLLAR TREE STORES, INC.,

Defendant(s).

---

**ORDER REGARDING
(1) DEFENDANT'S MOTION TO COMPEL PRODUCTION AND FOR CONTEMPT OF
COURT (DOCKET NO. 122)
AND
(2) PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO DESIGNATE ALL
EXPERTS (DOCKET NO. 130)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Compel Production and

for Contempt of Court (docket no. 122) and Plaintiff's Motion for Enlargement of Time to

Designate All Experts (docket no. 130).  The court has reviewed the subject motions

(docket no. 122 and 130), the responses (docket no. 140 and 145), and the reply

(docket no. 164).  In addition, the court has taken judicial notice of the court file and has

considered applicable Federal Rules of Civil Procedure and case law.  The court now

being fully informed makes the following findings of fact, conclusions of law and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to be heard;

4.      That at issue in the Defendant's Motion to Compel Production and for Contempt of Court (docket no. 122) are e-mail communications [hereinafter "documents"] sent by Plaintiff's counsel to the deponents Cory Candurra, John Combs, Raymond Dery, Maxine Houston, Katherine (Mullen) Newman, and Carlos Villalobos and responses thereto;

5.      Defendant argues that such documents are in the possession of either the deponents or their attorneys, Morgan & Morgan, and none of these documents are privileged, as they were created prior to the formation of the attorney-client relationship and therefore are discoverable;

6.      Defendant served subpoenas upon all of the above-named deponents to produce documents described Schedule A attached to docket no. 122.  See exhibits A-F.  Schedule A requests that the deponents produce "[a]ll documents evidencing, constituting, relating or reflecting any communications between you and/or your counsel and any putative class members, as alleged, concerning the facts, occurrences or matters set forth in your declaration."  See exhibits A-F;

7.     That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines

the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of
> discovery is as follows: Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to
> any party's claim or defense–including the existence,
> description, nature, custody, condition, and location of
> any documents or other tangible things and the
> identity and location of persons who know of any
> discoverable matter.  For good cause, the court may
> order discovery of any matter relevant to the subject
> matter involved in the action.  Relevant information
> need not be admissible at the trial if the discovery
> appears reasonably calculated to lead to the
> discovery of admissible evidence.  All discovery is
> subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain

discovery of 'any matter, not privileged, that is relevant to the claim

or defense of a party' . . . may be constrained where the court

determines that the desired discovery is unreasonable or unduly

burdensome given the needs of the case, the importance of the

issues at stake in the litigation, and the importance of the proposed

discovery in resolving the issues."  Simpson v. University of Colo.,

220 F.R.D. 354, 356 (D. Colo. 2004).  "The Federal Rules of Civil

Procedure permit a court to restrict or preclude discovery when

justice requires in order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or

expense. . . ."  Id.  See Fed. R. Civ. P. 26(b) and (c);

8.     "A document is protected by the attorney client privilege if it reveals

a communication between a client and an attorney, made in order to obtain or deliver legal assistance, that was intended to be treated as confidential." Aull v. Cavalcade Pension Plan, 185 F.R.D. 618, 624 (D. Colo. 1998) (citing In re Grand Jury Subpoena, 697 F.2d 277, 278 (10th Cir. 1983)). Furthermore, "[a] document is protected by the work product privilege if it was prepared in anticipation of litigation by another party or that party's representative, and was intended to remain confidential." Id. "A party asserting a privilege has the burden of establishing that the privilege is applicable. . . . A party asserting waiver of a privilege has the burden of establishing the waiver." Id.;

9.     That a failure to assert a privilege or to timely object to requests for disclosure will result in waiver of the privilege. Prince Lionheart, Inc. v. Halo Innovations, Inc., 2007 WL 2728343, *5-6 (D. Colo. Sept. 18, 2007) (attorney-client privilege waived, considering statements made during deposition and lack of any objection to same based on attorney-client privilege). It is impermissible to assert a privilege for the first time in response to a motion to compel. Sonnino v. University of Kan. Hosp. Auth., 220 F.R.D. 633, 647 (D. Kan. 2004);

10.    That deponents Cory Candurra, John Combs, Raymond Dery, Maxine Houston, Katherine (Mullen) Newman, and Carlos Villalobos as well as Plaintiff through counsel could have raised the

attorney-client privilege or the work product privilege: (1) when the subpoenas were issued; (2) at the commencement of their respective depositions; (3) during the depositions, while the parties conferred regarding the documents at issue; or (5) at any time prior to Plaintiff's Response (docket no. 145) filed on March 1, 2012, to the subject motion (docket no. 122). The Plaintiff and deponents did not raise the attorney-client privilege or the work product doctrine until the Plaintiff's Response (docket no. 145) was filed with the court on March 1, 2012. The deponents and Plaintiff have failed to raise timely objections and therefore Plaintiff has waived both the attorney-client privilege and the work product privilege as to the documents at issue in this subject motion (docket no. 122). Furthermore, I find that the disputed documents are those responsive to Morgan & Morgan's initiated original solicitation e-mail to deponents and thus constitute mere general information supplied by third parties and are not subject to the attorney-client privilege. Further, I find that the disputed documents are not protected under the work product privilege since these documents "do not reflect counsel's opinions or investigative or litigation strategies." See Callaway v. Papa John's USA, Inc., 2010 WL 4024883, *7 (S.D. Fla. Oct. 12, 2010). Lastly, I find that the disputed documents are probative and relevant to the issue of class certification, the parties' claims and defenses, and to the credibility

of the witnesses.  For all of these reasons, the subject motion (docket no. 122) should be granted in part and denied in part as stated below;

11.     That as to Plaintiff's Motion for Enlargement of Time to Designate All Experts (docket no. 130), Plaintiff seeks an extension of time to designate experts, arguing that Defendant has refused and/or failed to give relevant data to Plaintiff in the ordinary course of discovery necessary for Plaintiff to identify and/or retain an appropriate expert regarding liability and/or damages issues.  Specifically, Plaintiff argues that Defendant has refused to provide any class data, including the names and contact information for similarly-situated Assistant Store Managers, or information that could be used to ascertain and/or extrapolate class damages. See paragraph 4 of the subject motion (docket no. 130);

12.     That the deadline to complete discovery is April 20, 2012, and the deadline to file dispositive motions is June 20, 2012.  See Scheduling Order (docket no. 48).  The trial preparation conference is set on September 14, 2012, and the jury trial is set on October 1, 2112.  See Judge Blackburn's Trial Preparation Conference Order (docket no. 46); and

13.     That additional time to designate experts should be allowed in this case, and neither party would be prejudice by allowing additional time to designate experts, and therefore Plaintiff's Motion for

Enlargement of Time to Designate All Experts (docket no. 130)

should be granted.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1.  That Defendant's Motion to Compel Production and for Contempt of Court (docket no. 122) is **GRANTED IN PART AND DENIED IN PART**.  The motion is GRANTED with respect to compelling the disputed documents and the motion is DENIED as to holding deponents in contempt of court;

2.  That deponents Cory Candurra, John Combs, Raymond Dery, Maxine Houston, Katherine (Mullen) Newman, and Carlos Villalobos shall fully comply and produce to Defendant Dollar Tree Stores, Inc., all documents responsive to Schedule A attached to the issued subpoenas to the deponents on or before April 9, 2012;

3.  That under the facts and circumstances of this case, it would be unjust to award expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A)(iii) as to Defendant's Motion to Compel Production and for Contempt of Court (docket no. 122), and therefore each party shall pay their own attorney fees and costs for this motion (docket no. 122); and

4.  That Plaintiff's Motion for Enlargement of Time to Designate All Experts (docket no. 130) is **GRANTED**.  The deadline to designate

experts is extended to April 20, 2012.  The deadline to designate

rebuttal experts is extended to May 21, 2012.  The discovery cut off

date is extended to June 20, 2012.  The dispositive motions

deadline is extended to July 2, 2012.  The Rule 16 Scheduling

Order (docket no. 48) is amended consistent with this Order.  Each

party pay their own attorney fees and costs for this motion (docket

no. 130).

Done this 23rd day of March 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE