IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01840-REB-MJW

TANYA YOUNG, on her own behalf and on behalf of others similarly situated,

Plaintiff(s),

v.

DOLLAR TREE STORES, INC.,

Defendant(s).

---

## ORDER REGARDING
## PLAINTIFF'S MOTION TO COMPEL RESPONSE TO INTERROGATORY #s 5 AND 10 AND SANCTIONS FOR FAILURE TO COMPLY WITH RULE 26(a)(1)(A) AND INCORPORATED MEMORANDUM OF LAW (DOCKET NO. 152)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel Response to Interrogatory #s 5 and 10 and Sanctions for Failure to Comply with Rule 26(a)(1)(A) and Incorporated Memorandum of Law (docket no. 152). This court has considered the subject motion (docket no. 152), the response (docket no. 174), and the reply (docket no. 187). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In the subject motion (docket no. 152), Plaintiff seeks an Order from this court compelling Defendant to answer Plaintiff's Interrogatories Nos. 5 and 10. Defendant objects to the production of the information requested in Plaintiff's Interrogatory No. 5 arguing that such interrogatory is overly broad, unduly burdensome and not reasonably

calculated to lead to discovery of admissible evidence.  Defendant further objects to producing this information on privacy grounds.  Defendant objects to Interrogatory No. 10 on the grounds that it seeks privileged documents and information, and it is premature.  Defendant further argues that Interrogatory No. 10 inappropriately "purports to require Defendant to disclose information in a time frame that is inconsistent with the Order entered by this Court with respect to Defendant's time to respond to Plaintiff's certification motions" and that "Defendant had not identified the testimony it [planned to] submit in response to the certification motions."  Further, Defendant argues that briefing on certification is complete and therefore the court should not order disclosure of contact information on putative class members before this court decides the certification issue.  In other words, that Plaintiff does not need this information for preparation of her certification briefing.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the Amended Complaint alleges a nationwide Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, collective action and a Colorado-wide class action.  See docket no. 25;

5. That this case is currently in the certification stage of discovery;

6. That to obtain conditional certification of a FLSA collective action, Plaintiff must show that members of the putative class are similarly situated. 29 U.S.C. § 216(b) (providing that an action may be maintained "by any one or more employees for and in behalf of himself [herself] or themselves and other employees similarly situated");

7. That the objections raised by Defendant as cited above are the same objections that were raised in the District of Kansas before the Honorable K. Gary Sebelius in the case of <u>In re Bank of America Wage and Hour Employment Practices Litigation</u>, 275 F.R.D. 534 (D. Kan. 2011). The <u>BOA</u> case was a FLSA case. In the <u>BOA</u> case, the Defendant, much like Defendant here, claimed that the Plaintiffs already possessed information that would aid them in establishing a national policy. <u>Id</u>. In addition, the Defendant in the <u>BOA</u> case made the same additional objections as cited above that the Defendant in the case at bar is making. Magistrate Judge Sebelius addressed each of those objections in the <u>BOA</u> case in detail. <u>Id</u>. Magistrate Judge Sebelius found that even if the Plaintiff already had some information which could support conditional certification, this did not lessen the relevance of the discovery regarding similarly situated employees. <u>Id</u>. Lastly, Magistrate Judge Sebelius held that:

    (1)    interrogatories seeking names and contact

                    information of former branch managers, market executives and market managers, on their face, sought relevant information;

          (2)     bank failed to meet its burden of supporting its relevance objection;

          (3)     interrogatories were not facially overbroad and bank failed to meet its burden to support overbreath objection; and

          (4)     need for discovery outweighed any minimal invasion of former employees' privacy.

8. That I incorporate by reference the legal reasoning set forth in the <u>BOA</u> case and accordingly grant the Plaintiff's motion to compel responses to Interrogatory 5 and 10 for those reasons.

9. That Plaintiff's motion to compel signed witness statements (except for those have been submitted in support of pending dispositive motions) is denied substantially for the reasons stated in the Defendant's response (docket no. 174 at 11-12); and

10. That the sanctions sought by the Plaintiff are not warranted at this time.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Compel Response to Interrogatory #s 5 and 10 and Sanctions for Failure to Comply with Rule 26(a)(1)(A) and Incorporated Memorandum of Law (docket no. 152) is **GRANTED IN PART AND DENIED IN PART**;

2. That the motion is granted to the extent that the Defendant shall serve Plaintiff with responses to Plaintiff's Interrogatories Nos. 5 and 10 on or before May 31, 2012;

3. That the motion is denied with respect to Plaintiff's request for sanctions and to compel Defendant to disclose all signed Declarations in its possession; and

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 11th day of May 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE