**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-1840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

## ORDER OVERRULING PLAINTIFFS' OBJECTIONS

**Blackburn, J.**

This matter is before me on the **Plaintiff's Objections to Order Regarding Opt-in Plaintiffs' Alisha Kelley, Quinala Young, Adam Haddock, Jerry Goodwin, Letti Hayden, Kim Higley, Yolanda Johnson, Christopher Kunn, David Kerschke, Tanisha Moffett, Johnny Roldan, Jamie Ruse, Janet Russell, David Santiago, Denise Susterich, Konrad Vendrak, and Gabriel Thomas Motion for Protective Order Regarding the Location of Depositions and Incorporated Memorandum of Law [D.E. 161]** [#168][1] filed March 23, 2012. The defendant filed a response to the objections[#180], and the plaintiff filed a reply [#193]. I overrule the objections.

The plaintiffs' objections pertain to non-dispositive matters that were referred to the magistrate judge for resolution. Under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of an order of a magistrate judge which I find to be clearly

---

[1] "[#168]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

erroneous or contrary to law.

In their complaint, the plaintiffs assert claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 - 219. Plaintiffs seek to pursue a collective action under the FLSA on behalf of employees and former employees of the defendant. Section 216(b) of the FLSA provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA. 29 U.S.C.A. § 216(b). Under the FLSA collective action provision, a plaintiff who seeks to participate in the case must opt-in as a plaintiff. Several plaintiffs have opted in to this case.

On March 23, 2012, the plaintiffs filed a motion for a protective order [#161]. The motion concerns the location of the depositions of 17 opt-in plaintiffs. The defendant noticed depositions for each these plaintiffs to take place in Denver, Colorado.

The plaintiffs whose depositions were noticed reside in Arkansas, Florida, Mississippi, California, Oregon, Texas, Illinois, Georgia, Pennsylvania, and Michigan. *Motion* [#149], p. 2. Obviously, if the depositions of these plaintiffs are taken in Denver, each of these plaintiffs must travel to Denver for their deposition. In their motion, the plaintiffs argue that the defendant should be required to depose each of these plaintiffs in his or her state of residence. According to the plaintiffs, requiring the 17 opt-in plaintiffs to travel to Denver for their deposition would impose on them undue burden or expense. *Motion*, p. 3.

Under FED. R. CIV. P. 26(c)(1), a court may enter a protective order "to protect a party or person from," among other things, "oppression, or undue burden or expense" imposed by a request for discovery, including a deposition. According to the plaintiffs, one key policy behind FLSA collective actions is a policy permitting FLSA plaintiffs to pool their resources in an effort to pursue collectively FLSA claims which, individually, may be too small to merit individual lawsuits. Requiring the 17 opt-in plaintiffs to travel to Denver for

2

their depositions is, according to the plaintiffs, contrary to this policy.

The magistrate judge denied the plaintiffs' motion for a protective order. The magistrate judge concluded that the plaintiffs did not show that traveling to Denver for their depositions would impose an extreme hardship on them. *Order* [#161], p. 3. To some extent, the magistrate judge likely overstated the applicable standard. The applicable standard is the standard stated in Rule 26. In the circumstances of this case, the court may enter a protective order "to protect a party or person from," among other things, "oppression, or undue burden or expense," as opposed to extreme hardship.

Although I apply a standard somewhat different than that applied by the magistrate judge, I conclude, nonetheless, that the order of the magistrate judge is not clearly erroneous or contrary to law. It is the plaintiffs' burden to demonstrate good cause for the issuance of a protective order. 8A Charles Alan Wright & Arthur R. Miller, **Federal Practice and Procedure**, § 2035 (3d ed. 1998). In support of their motion [#149] for a protective order, the plaintiffs did not provide any evidence that the opt-in plaintiffs whose depositions have been noticed would suffer any oppression, undue burden, or undue expense if required to travel to Denver for their depositions. Rather, the plaintiffs appear to argue that undue burden and expense should be presumed in an FLSA collective action. The plaintiffs note that a collective action permits FLSA plaintiffs to pursue their claims efficiently by pooling their resources. *Motion* [#149], p. 5. Given this policy, the plaintiffs argue, "requiring the out-of-state plaintiffs to travel to Denver for a deposition would place a burden on them that would cancel much of the benefit gained by joining in the collective action." *Id.* This statement may well be true, but the record before the magistrate judge when he resolved the plaintiffs' motion for protective order did not support a conclusion that this statement is true.

In support of their motion for a protective order, the plaintiffs did not come forward

3

with any evidence showing the circumstances of the 17 opt-in plaintiffs whose depositions have been noticed or showing that any of those plaintiffs will suffer any oppression, undue burden, or undue expense as a result of their depositions, as noticed. Absent such a showing, the motion for protective order properly was denied.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in **Plaintiff's Objections to Order Regarding Opt-in Plaintiffs' Alisha Kelley, Quinala Young, Adam Haddock, Jerry Goodwin, Letti Hayden, Kim Higley, Yolanda Johnson, Christopher Kunn, David Kerschke, Tanisha Moffett, Johnny Roldan, Jamie Ruse, Janet Russell, David Santiago, Denise Susterich, Konrad Vendrak, and Gabriel Thomas Motion for Protective Order Regarding the Location of Depositions and Incorporated Memorandum of Law [D.E. 161]** [#168] filed March 23, 2012, are **OVERRULED**.

Dated July 10, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[2] In support of their objections [#168], the plaintiffs include declarations of plaintiffs whose depositions have been noticed by the defendant. Those declarations describe specific facts which can be seen to support a showing of undue burden. The magistrate judge, however, did not have any of these declarations when resolving the plaintiffs' motion for protective order. Because they were filed after the magistrate judge had considered and resolved the plaintiffs' motion for protective order, it is not proper to consider these declarations when determining if the order of the magistrate judge is clearly erroneous or contrary to law.