IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Robert E. Blackburn, Judge**

Civil Case No. 11-cv-1840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

## ORDER CONCERNING DEFENDANT'S MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on **Defendant Dollar Tree Stores, Inc.'s Motion To Dismiss Counts III, IV, and V of Plaintiff's Amended Complaint** [#75][1] filed December 2, 2011. The plaintiff filed a response [#94] and the defendant filed a reply [#100]. I grant the motion in part and deny it in part.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within

---

[1] "[#75]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the meaning of Fed.R.Civ.P. 8(a). For many years, "courts followed the axiom that dismissal is only appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" ***Kansas Penn Gaming, LLC v. Collins***, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Noting that this standard "has been questioned, criticized, and explained away long enough," the Supreme Court supplanted it in ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). Under the dictates of ***Twombly***, I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Twombly***, 127 S.Ct. at 1974). "This pleading requirement serves two purposes: to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." ***Kansas Penn Gaming***, 656 F.3d at 1215 (citation and internal quotation marks omitted).

As previously, I must accept all well-pleaded factual allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). Contrastingly, mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss. ***Ashcroft v. Iqbal***, 556 U.S. 662, – , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted). ***See also Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of

the claim, but also 'grounds' on which the claim rests.") (quoting **Twombly**, 127 S.Ct. at 1974) (internal citations and footnote omitted).  Moreover, to meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." **Iqbal**, 129 S.Ct. at 1949.  **See also Ridge at Red Hawk**, 493 F.3d at 1177 ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.") (emphases in original).  For this reason, the complaint must allege facts sufficient to "raise a right to relief above the speculative level." **Kansas Penn Gaming**, 656 F.3d at 1214 (quoting **Twombly**, 127 S.Ct. at 1965).  The standard will not be met where the allegations of the complaint are "so general that they encompass a wide swath of conduct, much of it innocent." **Robbins**, 519 F.3d at 1248.  Instead "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." **Id.**

     The nature and specificity of the allegations required to state a plausible claim will vary based on context and will "require[] the reviewing court to draw on its judicial experience and common sense." **Iqbal**, 129 S.Ct. at 1950; **see also Kansas Penn Gaming**, 656 F.3d at 1215.  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." **Dias v. City and County of Denver**, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting **Twombly**, 127 S.Ct. at 1965) (internal quotation marks omitted).

## III. BACKGROUND

This case concerns claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 - 219. In addition, the plaintiff, Tanya Young, asserts an unjust enrichment claim under Colorado law and two claims under "the Colorado Wage Act (C.R.S. 8-4-101, et seq.)." *Amended complaint* [#28], ¶¶ 105 - 119. In its present motion, the defendant moves for the dismissal of the plaintiff's claims under Colorado Law. The defendant's motion concerns the operative complaint, the plaintiff's **Amended Complaint and Demand for Jury Trial** [#28] filed October 12, 2011, to which I will refer as the complaint.

## IV. ANALYSIS

### A. Unjust Enrichment

Addressing the unjust enrichment claim, the defendant argues that the plaintiff has "not identified a single one of the 'state law[s]' - or even specified the statutes - under which she seeks relief in Count III of her Amended Complaint." *Motion to dismiss* [#75], pp. 4 - 5. Generally, the plaintiff alleges she was an employee of Dollar Tree Stores Inc. at a store in Colorado. According to the plaintiff, the combined effect of certain Dollar Tree policies was to require her to work for Dollar Tree during mandatory unpaid meal breaks and to make bank deposits on behalf of Dollar Tree without being paid for some or all of the time necessary to make the bank deposits. In her unjust enrichment claim, the plaintiff alleges that the defendant "has been unjustly enriched as a result of its accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the collective class' labor without proper compensation." *Complaint* [#28], ¶ 100.

Common law unjust enrichment claims are well known, and the plaintiff has

4

labeled her claim with that well-known label.  With that label, it is not difficult to discern from the complaint the legal basis for this claim.  The defendant argues that the allegations in the amended complaint do not indicate which state's law is the basis for the plaintiff's unjust enrichment claim.  On this point, the plaintiff is not fully explicit in her complaint.  However, the only reasonable reading of the complaint is a reading that the unjust enrichment claim is brought under Colorado law.  The plaintiff asserts that the court has supplemental jurisdiction over this claim under 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims.  *Complaint*, ¶ 7.  In her class action allegations and her unjust enrichment claim, the plaintiff refers to Colorado law.  *Complaint*, ¶¶ 72, 103.  Although thin as a matter of simple pleading, I find that the allegations in the complaint indicate adequately that the unjust enrichment claim is brought under Colorado law.

Under Colorado law, a party claiming unjust enrichment must prove that (1) the defendant received a benefit; (2) at the plaintiff's expense; )3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation.  **Lewis v. Lewis**, 189 P.3d 1134, 1141 (Colo. 2008).  Unjust enrichment is based on principles associated with restitution.  *Id*.  The plaintiff's specific factual allegations readily fit these three elements.

### B.  Colorado Wage Act

In Counts IV and V of her complaint, the plaintiff asserts claims under "the Colorado Wage Act (C.R.S. 8-4-101, et seq.)," seeking payment of minimum wages and overtime allegedly not paid by Dollar Tree.  *Amended complaint* [#28], ¶¶ 105 - 206, 113 - 114.  None of the statutes codified in part 1 of article 4 of title 8 of the Colorado Revised Statutes, the act cited by the plaintiff, concern payment of minimum wages or overtime,

yet the plaintiff seeks to collect minimum wages and overtime under part 1 of article 4 of title 8 of the Colorado Revised Statutes. Thus, the allegations in the plaintiff's complaint do not state a plausible claim for relief under the statutory sections she cites in her complaint.

In her response to the motion to dismiss, the plaintiff says she "asserts her claims for unpaid minimum wages under the Colorado Minimum Wage of Workers Act" (CMWWA), citing §§8-6-116, 118 C.R.S. and related regulations. The plaintiff does not cite these statutes in her complaint. In her response to the motion to dismiss, the plaintiff cites 7 C.C.R. 1103-1:4 as the basis for her overtime wages claim. The plaintiff does not cite this regulation in her complaint. The plaintiff may not amend her complaint via assertions made in response to a motion to dismiss.

Considering the statutes cited in the plaintiff's complaint, article 4 of title 8 of the Colorado Revised Statutes, and accepting all well-pleaded factual allegations in the complaint as true, I conclude that the plaintiff has not stated a plausible claim for relief under article 4 of tTitle 8 of the Colorado Revised Statutes. The plaintiff asserts claims for recovery of minimum wages and overtime wages under these statutes, but article 4 of title 8 does not provide for such relief.

### C. Conflict Between Rule 23 Class Action and FLSA Collective Action

The defendant argues that there is an irreconcilable conflict between the plaintiff's proposed nationwide collective action under the FLSA and the plaintiff's proposed class action on behalf of Colorado Dollar Tree ASM's asserting claims of unjust enrichment and for recovery of minimum and overtime wages. I disagree.

I have considered the cases addressing this issue cited by both parties in their briefs. In the end, I agree with the analysis of the United States Court of Appeals for the

Seventh Circuit in ***Ervin v. OS Rest. Services, Inc.***, 632 F.3d 971 (7th Cir. 2011). In ***Ervin***, the Seventh Circuit examined 29 U.S.C. § 216(b), the provision in the FLSA that permits employees to bring collective actions to enforce the FLSA:

> Nothing we find [in § 216(b)] suggests that the FLSA is not amenable to state-law claims for related relief in the same federal proceeding. Section [216(b)] of the FLSA allows employees to bring collective actions to supplement the enforcement powers of the Secretary of Labor under the statute. See 29 U.S.C. § 216(b) (providing that an employee's rights under the subsection "terminate upon the filing of a complaint by the Secretary of Labor"); ***see also Kendall v. City of Chesapeake***, 174 F.3d 437, 443 (4th Cir.1999). That provision providing that employees may bring actions against their employers makes no mention of state wage and labor laws. In addition, the FLSA includes an express savings clause, which provides: "No provision of this chapter ... shall excuse noncompliance with any Federal or State law or municipal ordinance establishing [a higher minimum wage or a shorter maximum work week.]" 29 U.S.C. § 218(a). We agree with the amici who have filed briefs in this case that this language has the effect of preserving state and local regulations. We expect that it would normally be the case that a claim under any such state regulations would be part of the same constitutional "case" as the FLSA claim, and thus that any such state claims would fall within the district court's supplemental jurisdiction. See 28 U.S.C. § 1367(a).

The asserted conflict between claims asserted in the plaintiff's FLSA collective action and the plaintiff's state law claims is not a proper basis to dismiss the state law claims under FED. R. CIV. P. 12(b)(6).

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That under FED. R. CIV. P. 12(b)(6), the **Defendant Dollar Tree Stores, Inc.'s Motion To Dismiss Counts III, IV, and V of Plaintiff's Amended Complaint** [#75] filed December 2, 2011, is **GRANTED**, but without prejudice to amend, as to the plaintiff's claims under Article Four of Title Eight of the Colorado Revised Statutes, Counts IV and V in the plaintiff's **Amended Complaint and Demand for Jury Trial** [#28] filed October 12, 2011;

2. That otherwise, the **Defendant Dollar Tree Stores, Inc.'s Motion To Dismiss Counts III, IV, and V of Plaintiff's Amended Complaint** [#75] filed December 2, 2011, is **DENIED**.

Dated August 24, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge