IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Robert E. Blackburn, Judge**

Civil Case No. 11-cv-01840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

**Blackburn, J.**

    This matter is before me on the **Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action and Incorporated Memorandum of Law** [#44][1] filed October 19, 2011. The defendant filed a response [#96], and the plaintiff filed a reply [#119]. In addition, the plaintiff filed a notice of supplemental authority [#142].

## I. JURISDICTION

    I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental).

## II. STANDARD OF REVIEW

    This case involves alleged violations of the overtime and minimum wage

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

provisions of the Fair Labor Standards Act ("FLSA" or "the Act").  The plaintiff seeks to pursue a collective action under the Act on behalf of Assistant Store Managers (ASMs) who work or worked for defendant Dollar Tree Stores, Inc.

Section 216(b) of the FLSA provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA.  *See* 29 U.S.C.A. § 216(b); **Brown v. Money Tree Mortgage, Inc.**, 222 F.R.D. 676, 678-79 (D. Kan. 2004).  Contrary to the procedures governing a typical class action under Rule 23, plaintiffs who wish to participate in a FLSA collective action must opt in to the action.  *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); **In re American Family Mutual Insurance Co. Overtime Pay Litigation**, 638 F.Supp.2d 1290, 1298 (D. Colo. 2009).

A collective action under the FLSA may be maintained only by and among employees who are "similarly situated."  The Tenth Circuit has adopted a two-step analysis governing this determination.  At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  **Thiessen v. General Electric Capital Corp.**, 267 F.3d 1095, 1102 (10th Cir. 2001), **cert. denied**, 122 S.Ct. 2614 (2002) (citation and internal quotation marks omitted).  The court makes this determination relying on the allegations of the complaint and any affidavits filed by plaintiffs.  **Brown**, 222 F.R.D. at 680.  Certification at this step is conditional, and the standard of proof "is a lenient one that typically results in class certification," allowing notice to be sent to the putative class members and discovery to be undertaken.  *Id.* at 679.

After discovery is complete, the second, or "decertification," stage occurs. At that point, the court applies a much stricter standard to determine whether class members are similarly situated and, consequently, whether the action should continue as a collective action. In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." **Brown**, 222 F.R.D. at 679 (citing **Thiessen**, 267 F.3d at 1103).

### III. ANALYSIS

Plaintiff seeks conditional certification under the first prong of the above-described test. A significant amount of discovery has been completed in this case. As a result, the defendant argues that it is proper to apply the second prong analysis. Although some discovery has been completed, discovery is not fully complete. Following conditional certification and notice to potential members of a collective action, the factual record may change significantly. Therefore, it is not now appropriate for the court to weigh evidence or make factual determinations as to the possible ultimate merits of the plaintiff's contention that members of the proposed collective action are similarly situated. *Id.* at 680. Plaintiffs' burden now is merely to present "substantial *allegations*" that all members of the putative class were subject to a single decision, policy or plan. **See Thiessen**, 267 F.3d at 1102 (emphasis added). Given that lenient standard, and the fact that discovery is not yet complete, I find that it would be both legally erroneous and simply unfair to accept the invitation implicit in defendant's response and evidentiary submissions to investigate further the potential efficacy of the allegations at this stage.

Looking solely to the allegations of the complaint and the plaintiff's affidavit, I find and conclude that plaintiff has satisfied the minimal burden necessary to the conditional certification of a collective action under § 216(b). In the complaint [#28], the plaintiff describes how the combined effect of certain Dollar Tree policies causes the FLSA violations she alleges. First, she alleges that, as a result of Dollar Tree's policies, Assistant Store Managers (ASMs) who work a shift of six hours or longer frequently are required to work during their unpaid meal break, and they are not paid for that work. *Complaint*, ¶¶ 50 - 56. Second, she alleges that, as a result of Dollar Tree's policies, ASMs frequently are required to make bank deposits while not on the clock, and these ASMs generally are not compensated for this work. *Id.*, ¶¶ 58 - 59. The plaintiff's allegations, if true, show that Dollar Tree ASMs are similarly situated, as that term is used in § 216, with regard to these two issues.

The defendant points to the plaintiff's deposition testimony and a variety of other evidence obtained in discovery to argue that, in reality, Dollar Tree ASMs are not similarly situated in relation to the plaintiff's FLSA claims. Ultimately, that may prove to be true. However, discovery is not yet complete. Until discovery is complete, I conclude that it is premature to examine the evidence to determine, as a final matter, whether the plaintiff has shown that Dollar Tree ASMs are similarly situated for the purpose of § 216.

The plaintiff's proposed notice [#44-26] to potential plaintiffs in a collective action contains an overly general description of the group of similarly situated ASMs for which the plaintiff seeks to pursue a collective action. In the proposed notice, the plaintiff describes the group of ASMs on behalf of which the plaintiff seeks to sue as "all ASMs who have worked for Dollar Tree at any time within the three years preceding the date

4

of this notice (or who are currently employed by Defendant), and who have been paid on an hourly basis for all hours Dollar Tree credits them with having worked." However, the plaintiff's FLSA claims are much more focused. The plaintiff's FLSA claims are on behalf of ASMs who are or were (1) required to take 30 minute unpaid meal breaks, were required to work during those breaks, and were not paid for work done during their meal breaks; and/or (2) AMSs who were required to make bank deposits for Dollar Tree while not on the time-clock and who were not paid for all time spent making bank deposits. Therefore, the paragraph captioned "Composition of the Class" in the notice shall read as follows:

> The named Plaintiff seeks to sue on behalf of herself and also on behalf of other Assistant Store Manager employees with whom she is similarly situated. Specifically, the Plaintiff seeks to sue on behalf of any and all Assistant Store Manager employees who have worked for Dollar Tree at any time within the three years preceding the date of this notice (or who are currently employed by Dollar Tree), and who were 1) required to take 30 minute unpaid meal breaks, required to work during those breaks, and were not paid for work done during those meal breaks; and/or 2) required to make bank deposits for Dollar Tree when they were not on the time-clock and were not paid for all time spent making bank deposits.

In all other respects, I approve the proposed form of notice [#44-26].

The plaintiff's proposed Consent To Join Collective Action form [#44-27] also contains an overly general description of the group of similarly situated ASMs for which the plaintiff seeks to pursue a collective action. The sentence after the second bullet point on the proposed Consent To Join Collective Action form says "I am similarly situated to the named Plaintiff in this matter because I performed similar duties for the Defendant and was paid in the same regard as the named Plaintiff." *Proposed consent form* [#44-27]. This does not describe adequately the similarity on which the plaintiff relies. The second bullet point in the Consent To Join Collective Action form shall read:

5

> I am similarly situated to the named Plaintiff in this matter because I worked for Dollar Tree Stores, Inc. as an Assistant Store Manager. In addition, when working as an Assistant Store Manager, I was 1) required to take 30 minute unpaid meal breaks, required to work during those breaks, and was not paid for work done during those meal breaks; and/or 2) required to make bank deposits for Dollar Tree when I was not on the time-clock and I was not paid for all time spent making bank deposits.

In addition, I order that the Consent To Join Collective Action form [#44-27] be amended so that title in the caption of the form reads "Consent To Become Party Plaintiff." The plaintiff's proposed notice [#44-26] to potential plaintiffs refers potential plaintiffs to "the attached 'Consent to Become Party Plaintiff' form . . ." *Proposed notice* [#44-26], p. 2. The title of the consent form must be consistent with the tile used in the form of notice.

Otherwise, I approve the proposed form of notice [#44-26]. Any and all consent to join forms shall be returned to plaintiff's counsel no later than 90 days from the date of this order.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collection Action and Incorporated Memorandum of Law** [#44] filed October 19, 2011, is **GRANTED** on the terms stated in this order;

2. That under 29 U.S.C. § 216(b), this case is **CONDITIONALLY CERTIFIED** as a collective action concerning the plaintiff's claims under the Fair Labor Standards Act on behalf of all Dollar Tree Stores Inc. Assistant Store Manager employees who have worked for Dollar Tree at any time within the three years preceding the date of this notice (or who are currently employed by Dollar Tree), and who are or were (a) required

6

to take 30 minute unpaid meal breaks, required to work during those breaks, and were not paid for work done during those meal breaks; and/or (b) required to make bank deposits for Dollar Tree when they are or were not on the time-clock and are were not paid for all time spent making bank deposits;

     3. That the proposed form of notice [#44-26] attached to the plaintiff's motion and the proposed consent to join form [#44-27] both are **APPROVED**, with the amendments described and required in this order; and

     4. That defendant is **ORDERED** to provide to plaintiff, on or before **September 24, 2012**, the names, addresses, phone numbers, and e-mail addresses of all Assistant Store Managers employed by the defendant on or after July 16, 2008.

Dated August 24, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge