IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 11-cv-01840-REB-MJW

TANYA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION
## TO TRANSFER UNDER 28 U.S.C. § 1404

**Blackburn, J.**

This matter is before me on defendant **Dollar Tree Stores, Inc.'s Motion To Transfer Venue** [#22][1] filed October 5, 2011. The plaintiff filed a response [#51], and the defendant filed a reply [#68]. I deny the motion.

The plaintiff Tanya Young is a former employee of the defendant Dollar Tree Stores, Inc. Young worked for Dollar Tree as an Assistant Store Manager (ASM). In her complaint [#28], Young alleges that Dollar Tree failed to pay her and other ASMs overtime wages and minimum wages in violation of the Fair Labor Standards Act (FLSA). In addition, she alleges state law claims of unjust enrichment and for recovery of minimum wages and overtime wages. Young seeks certification of a class of Colorado plaintiffs under FED. R. CIV. P. 23, and certification of this case as a collective

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

action under the FLSA.

Young alleges that Dollar Tree has "nationwide corporate policies" that "regularly required" ASMs to work "off-the-clock." *Complaint* [#28], ¶ 2. According to Ms. Young, the effect of this policy and other Dollar Tree policies is that she and other ASMs routinely were not paid for all of the time they spent working for Dollar Tree in violation of the FLSA and Colorado law.

Ms. Young's counsel has filed four related putative class/collective actions against Dollar Tree. One of those cases alleges a nationwide putative class and collective group. Four other cases, including this case, allege state-wide putative classes and collective groups. A settlement was reached in one of those cases, and that case has been dismissed. *Order* [#87] filed December 13, 2011, p. 1 n. 1. The United States Judicial Panel on Multidistrict Litigation (MDL Panel) denied a motion for centralization of this case and three other cases in the Southern District of Florida or the District of Colorado. *Order* [#87] filed December 13, 2011.

In its present motion, Dollar Tree argues that this case should be transferred to the United States District Court for the Eastern District of Virginia, the district in which Dollar Tree's headquarters is located. Dollar Tree seeks a transfer under 28 U.S.C. § 1404. Section 1404(a) is designed to allow a district court to transfer cases to other districts when to do so would prevent waste of time, energy, and money, and unnecessary inconvenience and expense. ***Frontier Airlines, Inc. Retirement Plan for Pilots v. Security Pacific Nat. Bank, N.A.,*** 696 F. Supp. 1403, 1406 (D. Colo.1988) (citing ***Van Dusen v. Barrack***, 376 U.S. 612, 616 (1964)).

The court should transfer the case only when it appears that another forum would be more conducive to the convenience of the parties and witnesses and the interests of

2

justice. ***Norwood v. Kirkpatrick****,* 349 U.S. 29 (1955).  Among the factors to be considered in a § 1404 analysis are " '1) [p]laintiff's choice of forum; 2) accessibility of witnesses and other sources of proof; 3) the cost of making the necessary proof; 4) questions of enforceability of a judgment if one is obtained; 5) relative advantages and obstacles to a fair trial; 6) difficulties that may arise from congested dockets; 7) the possibility of questions arising in the area of conflicts or laws; 8) the advantages of having a local court determine questions of local law; and 9) all other considerations of a practical nature that make a trial easy, expeditious and economical.' " ***Chrysler Credit Corp. v. Country Chrysler, Inc.,*** 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting ***Texas Gulf Sulphur Co. v. Ritter****,* 371 F.2d 145, 147 (10th Cir.1967)).  The plaintiff's choice of forum is to be given considerable weight. ***Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.,*** 579 F.2d 561, 567 (10th Cir.1978).  Unless the balance is strongly in favor of the moving party, the plaintiff's choice of forum rarely should be disturbed. ***William A. Smith Contracting Co. v. Travelers Indem. Co.****,* 467 F.2d 662, 664 (10th Cir.1972).  The strong balance in favor of the defendant must be shown by clear and convincing evidence. ***Headrick v. Atchison, T. & S.F. Ry. Co.*** 182 F.2d 305 (10th Cir.1950).

In this case, the fourth, fifth, Sixth, seventh, and eighth factors are non-factors.  These factors carry no weight in my analysis.  Addressing the first factor – plaintiff's choice of forum – Dollar Tree argues that Ms. Young's choice of forum is not entitled to deference.  First, Dollar Tree asserts that Ms. Young conceded that Colorado is not truly her venue of choice when Ms. Young joined a motion before the MDL Panel seeking a transfer of this case to the Southern District of Florida.  I disagree.  Actually, the plaintiffs before the MDL Panel sought transfer to the Southern District of Florida or the

3

District of Colorado.  *Order* [#87], p. 1.  Second, Dollar Tree argues that the filing by Ms. Young's counsel of a case in a different federal district court seeking certification of a nationwide collective action against Dollar Tree based on allegations substantially similar to those in this case means that Ms. Young's choice of forum is not entitled to any weight.  After Dollar Tree filed its motion to transfer, Young filed an amended complaint in this case which includes allegations in support of a nationwide collective action. There is some authority for the position that in a class action an individual plaintiff's choice of forum is entitled to less deference than in an individual action.  ***See, e.g., Barnett v. Alabama***, 171 F.Supp.2d 1292, 1295 (S.D. Ala. 2001).  In light of the fact that Ms. Young seeks to pursue this case as a nationwide collective action, I give her choice of forum reduced weight.

According to Young, Dollar Tree has nationwide policies that are the basis of the violations alleged in the complaint.  Dollar Tree argues that the location of the alleged violations is at Dollar Tree's headquarters in Chesapeake, Virginia.  If that is true, Dollar Tree argues, then it is appropriate to transfer of this case to the district in which the alleged violations occurred.  I disagree.  While the alleged policies may have been devised, promulgated, and communicated from Virginia, Ms. Young alleges that those policies improperly were enforced against herself and other Dollar Tree employees in Colorado and elsewhere.  The violations alleged in the complaint have a substantial connection to Colorado and many other states.  Those violations are not tied solely to Virginia.

Addressing the second factor – accessibility of witnesses and other sources of proof – Dollar Tree asserts that several of its key managers will be key witnesses in this case.  These witnesses, Dollar Tree contends, developed and enforced the polices at

4

issue in this case. According to Dollar Tree, "(b)ecause the Eastern District of Virginia is convenient to Dollar Tree's key witnesses at its corporate headquarters," the second factor, accessibility of witnesses, "weighs heavily in favor of transfer to Virginia." *Motion* [#22], p. 11. No doubt, some Dollar Tree managers are key witnesses in this case, but they are not the only witnesses. With regard to the claims limited to Colorado employees, it is safe to assume that a number of Colorado witnesses also are important. With regard to the putative nationwide collective action, it is safe to assume that witnesses from a variety of locales are important in this case. The convenience of those witnesses also must be considered. Thus, the second factor does not weigh significantly in favor of transfer.

Addressing the third factor – the cost of making the necessary proof – Dollar Tree says it maintains its human resources policies, payroll policies, and payroll records in Virginia. Dollar Tree contends this documentation is potentially voluminous and it would be burdensome and costly to produce this documentation at trial in Colorado. While production of voluminous records may impose some burden, the location of the court does not materially enhance that burden. Thus, the third factor does not weigh significantly in favor of transfer.

Considering the circumstances of this case and the relevant factors outlined in ***Chrysler Credit Corp. v. Country Chrysler, Inc.,*** 928 F.2d 1509, 1516 (10th Cir. 1991), including the ninth factor – all other considerations of a practical nature that make a trial easy, expeditious and economical – I conclude that Dollar Tree's motion to transfer must be denied.

**THEREFORE IT IS ORDERED** that defendant **Dollar Tree Stores, Inc.'s Motion To Transfer Venue** [#22] filed October 5, 2011, **IS DENIED.**

Dated August 24, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge