**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-1840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion To Strike Defendant's Affirmative Defenses To Plaintiff's Amended Complaint and Incorporated Memorandum of Law** [#139][1] filed February 23, 2012. The defendant filed a response [#166]. I deny the motion.

The plaintiff argues that the defendant's Eighth, Ninth, Tenth, Eleventh, Twelfth, and Twenty-Seventh affirmative defenses must be stricken from the defendant's answer. The affirmative defenses at issue are unclean hands, laches, waiver and estoppel, setoff and/or recoupment, mitigation of damages, and a reservation of rights by the defendant to amend its answer to assert additional defenses. The plaintiff argues that these defenses are not applicable in the context of her claims under the Fair Labor Standards Act (FLSA) and state wage and hour laws. In addition, the plaintiff

---

[1] "[#139]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

argues that the defendant has not pled fact sufficient to support any of these defenses. The plaintiff contends she would be "severely prejudiced if she were required to perform discovery on each and every one of Defendant's improperly/impermissibly pled affirmative defenses." *Motion* [#129], p. 3.

Under FED. R. CIV. P. 12(f), a court may strike from a pleading any insufficient defense. Generally, however, striking matters from a pleading is a disfavored and drastic remedy. **See, e.g., Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.**, 173 F.R.D. 275, 285 (D. Colo. 1997). Allegations will not be stricken as immaterial unless they have no possible bearing on the controversy. *Id*. "Even where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Id*. The plaintiff contends the defendant is obligated to plead facts that put the plaintiff on notice of the factual basis for each affirmative defense. I reject the contention that a defendant is required to allege a factual basis for affirmative defenses asserted in an answer. **See, e.g., Chavaria v. Peak Vista Cmty. Health Centers**, 2008 WL 4830792, *2 (D. Colo. Nov. 5, 2008).

In her complaint [#28], the plaintiff asserts claims under the FLSA, claims under Colorado statutes, and a claim for unjust enrichment. In a recent order [#262], I granted the defendant's motion to dismiss as to the plaintiff's claim under Colorado statutes. In the context of claims under the FLSA and a claim of unjust enrichment, I conclude that the six affirmative defenses challenged by the plaintiff possibly have a bearing on one or more of the plaintiff's claims. I conclude also that the plaintiff has not demonstrated that any significant prejudice will be caused to her if the affirmative defenses are not stricken. To the extent the plaintiff may need to conduct discovery to determine the

bases for these affirmative defenses, that effort does not constitute significant prejudice.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion To Strike Defendant's Affirmative Defenses To Plaintiff's Amended Complaint and Incorporated Memorandum of Law** [#139] filed February 23, 2012, is **DENIED**.

Dated September 26, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge