IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 11-cv-1840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DECLARATIONS

**Blackburn, J.**

This matter is before me on the **Defendant Dollar Tree Stores, Inc.'s Motion To Strike Declarations in Support of Plaintiff's Motions for Certification** [#121][1] filed February 6, 2012. The plaintiff filed a response [#147] and the defendant filed a reply [#165]. I deny the motion.

The declarations at issue were submitted by the plaintiff in support of her motion for conditional certification of a collective action under the Fair Labor Standards Act (FLSA) and in support of her motion for certification of a plaintiff class under FED. R. CIV. P. 23. The Rule 23 motion for class certification has been denied.

The defendant asserts three reasons to strike the declarations. First, the defendant asserts that the declarations are boilerplate, and all of the declarants who were deposed said that parts of the declarations are false, or they do not have personal

---

[1] "[#121]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

knowledge of certain facts stated in their declaration.  Second, the defendant argues that the declaration of Debra Kelly should be stricken because the plaintiff failed to produce Debra Kelly for her properly noticed deposition.  Third, the defendant notes that, except for the plaintiff's declaration, all of the declarations are from employees or former employees of the defendant who worked for the defendant in states other than Colorado.

First, the fact that the declarations are boilerplate, without more, does not demonstrate that the declarations are inherently false or are a sham.  However, the defendant contends also that all of the declarants who were deposed said that parts of their declarations are false, or they do not have personal knowledge of certain facts stated in their declaration.  Many of the conflicts described in the defendant's motion are significant.  However, I conclude that the conflicts cited by the defendant to not demonstrate that the declarations are, in toto, false or are a sham.  Rather, they indicate that certain points in certain declarations should carry little if any weight in resolving collective certification issues, particularly when more thorough and conflicting deposition testimony is in the record.  Except for the plaintiff's declaration, I did not rely on the declarations in resolving the motion for conditional certification of a FLSA collective action.  However, I will consider carefully contrasts and conflicts between a declaration and the deposition testimony of the same witness when resolving the anticipated motion to decertify the FLSA collection action.

Second, the Debra Kelly's failure to appear for her deposition does not, on the current record, provide a foundation to strike her declaration.  It is undisputed that the defendant was notified one day before Ms. Kelly's deposition that a medical issue would prevent Ms. Kelly from attending her deposition.  The defendant says the plaintiff has

not provided an alternate date for Ms. Kelly's deposition. However, the current record does not show that the plaintiff and Ms. Kelly refuse to produce Ms. Kelly for a deposition.

Third, the defendant contends the declarations from people who worked for the defendant in states other than Colorado are not relevant to a determination of whether or not a class of defendant's Colorado employees and former employees should be certified under FED. R. CIV. P. 23. Therefore, the defendant asserts, the declarations of the non-Colorado employees should be stricken. I did not consider the non-Colorado declarations in considering, and denying, the plaintiff's motion for certification of a class of Colorado plaintiffs under Rule 23. The defendant's argument that the non-Colorado declarations are not relevant to a particular motion does not justify striking those declarations from the record, particularly when the declarations potentially are relevant to other motions and issues in this case.

**THEREFORE, IT IS ORDERED** that the **Defendant Dollar Tree Stores, Inc.'s Motion To Strike Declarations in Support of Plaintiff's Motions for Certification** [#121] filed February 6, 2012, is **DENIED**.

Dated September 27, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge