IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Civil Case No. 11-cv-01840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

## ORDER CONCERNING PLAINTIFF'S MOTION FOR CLARIFICATION

**Blackburn, J.**

This matter is before me on the **Plaintiff's Expedited Motion for Clarification and To Extend Notice Period, Permit Email Notice, and Allow for Reminder Notice** [#283][1] filed September 26, 2012. The defendant filed a response [#286], and the plaintiff filed a reply [#287]. I grant the motion in part and deny it in part.

On August 24, 2012, I entered an **Order Granting Plaintiff's Motion for Conditional Certification** [#264]. In that order, I conditionally certified a collective action under the Fair Labor Standards Act (FLSA). In addition, I approved a form of notice to potential plaintiffs and directed the defendant to provide the plaintiff with contact information for employees and former employees of the defendant who potentially may be plaintiffs in the collective action. I ordered the defendant to provide that contact information by September 24, 2012. Finally, I ordered that any and all

---

[1] "[#283]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

consent-to-join forms completed by persons wishing to join the collective action be returned to plaintiff's counsel no later than 90 days from the date of my order. That 90 day time period expires on November 22, 2012. The magistrate judge assigned to this case then set a scheduling conference for November 27, 2012.

Obviously, the plaintiff could not mail notices to potential plaintiffs in the collective action until the plaintiff received from the defendant contact information for the group of potential plaintiffs. As a result of this timing, the time period for potential plaintiffs to respond to the notice after it has been mailed will be reduced to approximately 45 days. Given these circumstances, and the other circumstances present in this case, I conclude that a brief extension of the time to return of consent-to-join forms to the plaintiff's counsel is merited. Therefore, I order that any and all consent-to-join forms shall be returned to plaintiff's counsel no later than December 10, 2012.

In her present motion, the plaintiff also seeks permission to e-mail notices to potential plaintiffs in this collective action, in addition to mailing notices by first-class mail, and to send a reminder notice to such potential plaintiffs during the notice period. In appropriate circumstances, such measures may be proper in providing notice to potential plaintiffs in a FLSA collective action. In this case, however, the plaintiff did not raise the issues of e-mail notice and reminder notice in her motion for conditional certification or in the reply in support of her motion for conditional certification. Nothing in the plaintiff's present motion demonstrates that these issues carry such importance in the notice process that the issues should be addressed now, essentially as an afterthought in defining the notice process for this case. Therefore, the plaintiff's motion is denied to the extent the plaintiff requests permission to deliver notice via e-mail, in addition to delivery via first-class mail, and to deliver a reminder notice during the notice

period.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Expedited Motion for Clarification and To Extend Notice Period, Permit Email Notice, and Allow for Reminder Notice** [#283] filed September 26, 2012, is **GRANTED** in part;

2. That the notice period specified in the **Order Granting Plaintiff's Motion for Conditional Certification** [#264] filed August 24, 2012, is **EXTENDED** to December 10, 2012;

3. That all consent-to-join forms **SHALL BE RETURNED** to plaintiff's counsel no later than December 10, 2012;

4. That the court's **Order Granting Plaintiff's Motion for Conditional Certification** [#264] filed August 24, 2012, is **AMENDED** accordingly, but otherwise **SHALL REMAIN** in full force and effect;

5. That otherwise, the **Plaintiff's Expedited Motion for Clarification and To Extend Notice Period, Permit Email Notice, and Allow for Reminder Notice** [#283] filed September 26, 2012, is **DENIED**.

Dated October 4, 2012, at Denver, Colorado.

                                            **BY THE COURT:**

                                            */s/ Robert E. Blackburn*
                                            Robert E. Blackburn
                                            United States District Judge