IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

Plaintiff(s),

v.

DOLLAR TREE STORES, INC.,

Defendant(s).

---

**ORDER REGARDING
DEFENDANT DOLLAR TREE STORES, INC.'S MOTION TO COMPEL AND
MEMORANDUM OF LAW IN SUPPORT (DOCKET NO. 290)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant Dollar Tree Stores, Inc.'s Motion to Compel and Memorandum of Law in Support (docket no. 290). The court has reviewed the subject motion (docket no. 290) and the response (docket no. 309). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3.  That each party has been given a fair and adequate opportunity to be heard;

4.  That Plaintiffs seek to recover unpaid wages for work allegedly performed off-the-clock. Plaintiffs assert they were required to record an unpaid thirty (30) minute meal break when they worked a shift of six (6) or more hours and that they worked during those breaks. See Amended Complaint (docket no. 28), ¶ 50. Defendant Dollar Tree Stores, Inc. [ hereinafter "Defendant Dollar Tree"] denies these claims and seeks discovery to obtain evidence to refute Plaintiffs' allegations;

5.  That Defendant Dollar Tree seeks an Order from this court compelling Plaintiffs to answer Defendant Dollar Tree's "Cellular Telephone Interrogatory No. 13" which states:

    > Identify the cellular telephone number(s) and cellular telephone service provider(s) for any cellular telephone you owned, or had in your possession during the shifts you worked at Dollar Tree, while you were employed by Dollar Tree as an Assistant Store Manager. (Please identify which telephone numbers correspond to each service provider. If you changed service providers but kept the same telephone number(s), please identify the dates of service with each provider).

    See docket no. 290-6;

6. That the temporal scope of the Cellular Telephone Interrogatory No. 13 above is limited to the time that Plaintiffs worked for Defendant Dollar Tree as Assistant Store Managers (ASM). This Interrogatory is limited to the time period for which Plaintiffs are claiming a violation of the statute and it not overly broad;

7. That Defendant Dollar Tree also seeks an Order from this court compelling Plaintiffs to respond to Defendant Dollar Tree's Request for Production of Documents regarding "Cellular Telephones" (docket no. 290-7) which states:

    Any and all cellular telephone bills, invoices, and/or records for the cellular telephones identified in Interrogatory No. 13, which identify the telephone calls and/or text messages sent and/or received and, to the extent available, the times at which they were sent or received;

8. That Defendant Dollar Tree argues that each Dollar Tree Store has a telephone available for business purposes. Moreover, that it is against Defendant Dollar Tree's written policy for store associates to carry or use cellular telephones while at work. See Telephone Usage Policy, attached as Exhibit E to subject motion (docket no. 290). Thus, Defendant Dollar Tree contends that if Plaintiffs used their cellular telephones during their shifts, they must have done so during their breaks. Defendant Dollar Tree needs the above requested discovery in order to compare their written recorded

clocked in and clocked out records and break records for the Plaintiffs to determine whether these Plaintiffs were making personal calls or text messages during a break or while clocked in;

9. That the discovery sought by Defendant Dollar Tree is directly related to Plaintiffs' liability and damage claims as asserted in the Amended Complaint (docket no. 28) and therefore is relevant and discoverable pursuant to Fed. R. Civ. P. 26(b)(1) and <u>Bellosa v. Universal Tile Restoration, Inc.</u>, No. 08-60054-CIV, 2008 WL 2620735 (S.D. Fla. June 30, 2008). Moreover, Fed. R. Civ. P. 26(b)(1), states, *in pertinent part*, ". . . For good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence;"

10. That the requested discovery is not currently in the possession, custody, and control of Defendant Dollar Tree;

11. That Plaintiffs' cellular telephone records will show the dates and times they used their cellular telephones during their shifts at Defendant Dollar Tree;

12. That the requested discovery is not intended to harass the Plaintiffs; and

13. That the requested discovery is not overly broad or unduly burdensome, noting that Plaintiffs should have, in their **"control,"**

their cellular telephone bills and records that are normally provided to Plaintiffs on a monthly basis by their cellular phone providers. If Plaintiffs have not kept their cellular telephone bills and records, then Plaintiffs can easily request such cellular telephone bills and records from their cellular telephone providers and receive copies of the same either through e-mail attachment(s) from the cellular telephone providers, by U.S. Mail, or by going to their nearest cellular telephone provider store near their home and obtain a hard copy of their cellular phone bills and records.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant Dollar Tree Stores, Inc.'s Motion to Compel and Memorandum of Law in Support (docket no. 290) is **GRANTED**;

2. That Plaintiffs shall provide to Defendant Dollar Tree Stores, Inc., responses to Defendant Dollar Tree Stores, Inc.'s "Cellular Telephone Interrogatory No. 13" on or before November 30, 2012;

3. That Plaintiffs shall provide to Defendant Dollar Tree Stores, Inc., their responses to Defendant Dollar Tree Stores, Inc.'s Request for Production of Document (docket no. 290-7) on or before November 30, 2012;

4. That in responding to Defendant Dollar Tree Stores, Inc.'s Request

      for Production of Document regarding "Cellular Telephones" (docket no. 290-7) the Plaintiffs shall provide to Defendant Dollar Tree Stores, Inc., only the date of the call; the time of the call, the call length (i.e., duration of the call), the telephone number called and/or the telephone number received, but not the substance of any conversation or text message, and

5.     That each party shall pay their own attorney fees and costs for this motion. This court finds that under the circumstances as outlined in the moving papers, an award of expenses would be unjust.

Done this 9th day of November, 2012.

                                BY THE COURT

                                s/Michael J. Watanabe
                                MICHAEL J. WATANABE
                                U.S. MAGISTRATE JUDGE