**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 11-cv-1840-REB-MJW

TANYA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

## ORDER CONCERNING DEFENDANT'S EMERGENCY MOTIONS

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant's Emergency Motion for Order To Plaintiff To Cease and Desist Unauthorized and Misleading Communications Regarding Notice of the Collective Action** [#293][1] filed October 16, 2012; and (2) **Defendant's Emergency Motion To Compel Compliance With The Court's Order Granting Conditional Certification and for Sanctions and Other Remedies** [#304] filed October 29, 2012. The plaintiff filed responses [#298 & #308], and the defendant filed a reply [#303] in support of its motion concerning unauthorized and misleading communications [#293]. The motions are granted in part and denied in part.

This case is a collective action under the Fair Labor Standards Act (FLSA). On August 24, 2012, I entered an order [#264] granting the plaintiff's motion for conditional certification of a collective action under the FLSA. In the same order, I approved language

---

[1] "[#293]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

for a form of Notice to possible plaintiffs and a Consent To Become Party Plaintiff form.

On October 4, 2012, I issued an order addressing the plaintiff's motion to clarify [#283]. In that order, I extended the notice period in this case, but denied the plaintiff's request to provide notice via e-mail and to provide possible plaintiffs with a reminder notice before the notice period expires.

The defendant's first motion [#293] concerns the defendant's contention that counsel for the plaintiff has been disseminating information about this case via unauthorized means and has been making misleading statements about this case. The defendant's second motion [#308] concerns certain language which improperly was omitted from the Consent to Become Party Plaintiff form mailed to potential plaintiffs in this collective action, and other language which improperly was added to the consent form.

## I.  MOTION CONCERNING UNAUTHORIZED & MISLEADING COMMUNICATIONS

In its first motion [#293], the defendant contends that the plaintiff improperly has disseminated the Notice form on numerous websites and has made on those websites unauthorized and inaccurate statements concerning this collective action. The defendant contends that the websites describe the group of potential plaintiffs as larger than the group approved by the court. In addition, according to the defendant, information on the websites indicates that this collective action includes claims that have been dismissed from this case.

The website www.dollartreelawsuits.com is operated by counsel for the plaintiff. According to the defendant, shortly after a collective action was certified conditionally in this case, this website included language informing potential plaintiffs of the existence of the collective action and contained a link to a form referred to as a "Consent to Join Form." The defendant contends the website improperly offered to permit joinder as a plaintiff via

the website. In addition, the defendant says this website inaccurately describes the group of prospective plaintiffs who may choose to join this collective action. The website describes the collective action as including assistant store managers who worked for Dollar Tree from July 15, 2008. The collective action approved by the court extends from September 2009 forward. The defendant complains also that www.dollartreelawsuits.com contains a link to the complaint in this case, without a statement that some claims in this case have been dismissed. The defendant notes similar criticisms of two other websites operated by counsel for the plaintiffs, www.flsaovertimeblog.com and www.thomasandpearl.com.

In response [#298], counsel for the plaintiff states that, as of October 16, 2012, the www.dollartreelawsuits.com website no longer contained references to or links to the Notice or Consent to Become Party Plaintiff forms. Further, counsel notes that all Consent To Become Party Plaintiff forms mailed to potential plaintiffs in this collective action are bar coded. As a result, the class administrator retained by plaintiff's counsel can track any such forms when they are returned and determine if the form is a form that was delivered to that particular individual in the mailing ordered by the court. Based on the plaintiff's description of this bar coding system, it appears that the class administrator readily will be able to identify any executed Consent To Become Party Plaintiff forms that are returned to the class administrator but were obtained initially from a source other than the mailing ordered by the court, such as a website. Counsel contends further that any purportedly inaccurate statements on the website have been corrected.

In reply [#303], the defendant contends that links to the Notice and Consent to Join forms have not been removed from www.flsaovertimeblog.com, that www.dollartreelawsuits.com still contains language exaggerating the period of time covered by the collective action and still contains a link to the complaint in this case

3

without language indicating that some claims in the complaint have been dismissed. Finally, the defendant contends the websites constitute an electronic reminder notice to possible plaintiffs, even though the court denied the plaintiff's motion to mail a reminder notice to possible plaintiffs.

To the extent the websites in question contain accurate information about this case, I conclude that those websites do not contravene the orders of this court. As requested by the plaintiff, the plaintiff was directed to provide notice, via first class mail, to other possible plaintiffs in this collective action. The fact that the court directed delivery of these specifically targeted notices via first class mail does not preclude the plaintiff from disseminating accurate information about this case to the general public via other means. Notably, the First Amendment protects the dissemination of accurate information about this lawsuit. This includes representing, accurately, the Notice and Consent To Become Party Plaintiff forms authorized by the court. I note further that the defendant has not demonstrated any unfair or irreparable prejudice that has resulted, or is likely to result, from the dissemination of accurate information about this case.

To the extent statements on any website controlled by counsel for the plaintiff are contrary to statements included in the Notice and Consent To Become Party Plaintiff forms authorized by the court, or the orders of this court, I direct counsel to correct or remove those statements on any website controlled by counsel for the plaintiff. To the extent counsel for the plaintiff or their class administrator receive executed Consent To Become Party Plaintiff forms that were not generated in response to the notice by first class mail ordered by the court, I direct counsel for the plaintiff to provide the defendant with a copy of each such form within ten days of its receipt by counsel for the plaintiff or their class administrator.

**II. MOTION CONCERNING COMPLIANCE WITH NOTICE REQUIREMENTS**

In its second motion [#304], the defendant contends that the Consent To Become Party Plaintiff form mailed with the Notice authorized by the court omits some language that the court ordered to be included in the form and adds some language not authorized by the court. In addition, the defendant argues that the plaintiff included with this mailing an additional form that was not authorized by the court.

On October 16, 2012, the plaintiff filed **Plaintiff's Notice of Inadvertent Error in Mailing To Putative Class Members** [#299]. There, the plaintiff notified the court that the Consent to Become Party Plaintiff form mailed with the Notice, as ordered by the court, omitted a phrase that the court required to be included in that form. The court's order [#264] directed that the consent form include this paragraph:

> I authorize the named Plaintiff to file and prosecute the above referenced matter in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims, **and I understand I will be bound by such decisions**.

The language in bold in the quotation above was omitted from the Consent to Become Party Plaintiff form mailed with the Notice. In addition, the Consent to Become Party Plaintiff form mailed by the plaintiff included an additional sentence not authorized by the court, which sentence states: "I was required to work through virtually all of my mandatory 30 minute breaks and was not properly compensated for other work time, that Dollar Tree suffered/permitted me to work."

Counsel for the plaintiff states that these errors were inadvertent rather than intentional. I take counsel at their word. However, the errors must be remedied. I direct counsel for the plaintiff to contact each person who timely returns an executed Consent to Become Party Plaintiff form to counsel for the plaintiff or to the class administrator. Each such person shall be provided with a corrected Consent to Become Party Plaintiff form, a

5

brief written explanation of the need for the corrected form, and a clear statement of the deadline for return of the corrected form. The explanation shall notify each such person that they must execute and return the corrected Consent to Become Party Plaintiff form if they wish to be included in this collective action. Any incorrect Consent to Become Party Plaintiff form initially distributed by counsel for the plaintiff, even if executed and returned, shall not be considered to be valid.

The correct form of the Consent to Become Party Plaintiff form has been established already. On or before November 26, 2012, the plaintiff shall file with the court a proposed form of written explanation to be included with the corrected Consent to Become Party Plaintiff form. If the form of the written explanation is not stipulated between the parties, then the defendant may file any objections and any proposed alternative form of written explanation by December 3, 2012. On or before December 6, 2012, the court shall approve a form of written explanation to be included with the corrected Consent to Become Party Plaintiff form.

The current deadline for return of Consent to Become Party Plaintiff forms is December 10, 2012. On or before December 21, 2012, counsel for the plaintiff shall mail, via first class mail, a corrected Consent to Become Party Plaintiff form and a copy of the court approved written explanation of the need for the corrected form to each person who returned to counsel for the plaintiff or to the class administrator, on or before December 10, 2012, an executed Consent to Become Party Plaintiff form. The deadline for return of corrected and executed Consent to Become Party Plaintiff forms to counsel for the plaintiff or the class administrator shall be January 21, 2012.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Emergency Motion for Order To Plaintiff To Cease**

and Desist Unauthorized and Misleading Communications Regarding Notice of the

**Collective Action** [**#293**] filed October 16, 2012, is **GRANTED** in part;

    2.  That the **Defendant's Emergency Motion To Compel Compliance With The Court's Order Granting Conditional Certification and for Sanctions and Other Remedies** [**#304**] filed October 29, 2012, is **GRANTED** in part;

    3.  That on or before November 21, 2012, counsel for the plaintiff **SHALL ENSURE** that statements on any website controlled by counsel for the plaintiff are consistent with statements included in the Notice and Consent To Become Party Plaintiff forms authorized by the court and consistent with the orders of this court in this case;

    4.  That if counsel for the plaintiff or their class administrator receive any executed Consent To Become Party Plaintiff form that was not generated in response to the notice by first class mail ordered by the court, then counsel for the plaintiff **SHALL PROVIDE** the defendant with a copy of any such form within ten days of its receipt by counsel for the plaintiff or their class administrator;

    5.  That on or before November 26, 2012, the plaintiff **SHALL FILE** with the court a proposed form of written explanation to be included with the corrected Consent to Become Party Plaintiff form;

    6.  That if the form of the written explanation is not stipulated between the parties, then the defendant **MAY FILE** with the court any objections and any proposed alternative form of written explanation by December 3, 2012;

    7.  That on or before December 21, 2012, counsel for the plaintiff **SHALL MAIL** via first class mail a corrected Consent to Become Party Plaintiff form and a copy of the court approved written explanation of the need for the corrected form to each person who returned to counsel for the plaintiff or to the class administrator on or before December 10,

7

2012, an executed Consent to Become Party Plaintiff form;

8. That the deadline for return of a corrected and executed Consent to Become Party Plaintiff form to counsel for the plaintiff or the class administrator **SHALL BE** January 21, 2012;

9. That any executed Consent to Become Party Plaintiff form that omits the phrase "and I understand I will be bound by such decisions" and that includes the sentence "I was required to work through virtually all of my mandatory 30 minute breaks and was not properly compensated for other work time, that Dollar Tree suffered/permitted me to work," **SHALL NOT BE CONSIDERED** to be valid;

10. That otherwise, the **Defendant's Emergency Motion for Order To Plaintiff To Cease and Desist Unauthorized and Misleading Communications Regarding Notice of the Collective Action** [#293] filed October 16, 2012, is **DENIED**;

11. That otherwise, the **Defendant's Emergency Motion To Compel Compliance With The Court's Order Granting Conditional Certification and for Sanctions and Other Remedies** [#304] filed October 29, 2012, is **DENIED**.

Dated November 13, 2012, at Denver, Colorado.

                                             **BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge