IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01840-REB-MJW

TANYA YOUNG, on her own behalf and
on behalf of others similarly situated,

Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

Defendant.

---

**ORDER REGARDING**
**DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO COMPLY WITH FED. R. CIV. P. 5 SERVICE REQUIREMENTS WITH RESPECT TO CONDITIONAL CERTIFICATION NOTICE PROCEDURES**
**(DOCKET NO. 337)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Require Plaintiff to Comply with Fed. R. Civ. P. 5 Service Requirements with Respect to Conditional Certification Notice Procedures (docket no. 337). The court has considered the subject motion (docket no. 337), the response (docket no. 350), and the reply (docket no. 354). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In the subject motion (docket no. 337), Defendant seeks an order from this court directing Plaintiff to provide to Defendant all papers that Plaintiff has received in

response to notices sent by Plaintiff's counsel to putative class members, pursuant to the Court's Order Granting Plaintiff's Motion for Conditional Certification (docket no. 264). Defendant also requests that the Court Order Plaintiff to serve Defendant with copies of all corrected notices and other mailings to putative class members issued as part of the notice process in this collective action. In Defendant's reply (docket no. 354), Defendant states that Plaintiff has now provided access to the consent forms for the individuals who returned corrected forms. Therefore the subject motion (docket no. 337) concerns the following documents: (1) the original consent forms submitted by class members who did not return a timely corrected consent form, (2) ALL completed questionnaires submitted by class members, and (3) ALL corrected notice forms and related papers issued to class members who earlier submitted the defective consent forms.

Defendant argues that it needs the discovery listed above in order to verify the accuracy of the list of opt-in plaintiffs. In particular, Defendant points to Plaintiff's history of inadvertent clerical errors in this case, and thus Defendant alleges it is entitled to discover and compare for itself that no individuals who were sent untimely consent forms have been included as opt-in plaintiffs. See docket no. 313. Moreover, Defendant argues that the attorney-client privilege does not apply to the discovery requested for invalid consents above and that Plaintiff has cited no legal authority suggesting that the attorney-client privilege applies under the unique facts, circumstances, and current posture of this case.

Plaintiff argues that the subject motion (docket no 337) should be denied for the following reasons: (1) that the erroneous consent forms from the original mailing and the

contact information forms submitted by those potential opt-in plaintiffs will not be filed with the court nor will they be used to determine who is an opt-in plaintiff and in this case; (2) that these consent and contact information forms have been declared invalid by Judge Blackburn in his Order (docket no. 313) and thus they are not original consent forms as defined under Fed. R. Civ. P. 5(a); (3) that these consent and contact information forms are not pleadings and are further not relevant to any claim or defense; and (4) that the court has previously denied Defendant's motion requesting copies of those same forms in the motion for sanctions (docket no. 304 at 13) and (docket no. 313 at 8).

Here, I find that Fed. R. Civ. P. 5 sets forth the general filing requirements for all pleadings and other papers and the general service requirements for all pleadings and other papers *except* the complaint and summons. The provisions of Rule 5 are designed to achieve two objectives: to ensure that each party to a civil action obtains a copy of all documents formally used in prosecuting and defending the case and to create a rationally-assembled record with the clerk. This is a general service and filing rule. Moreover, courts expansively construe Rule 5's inventory of legal papers that must be served. See Elborough v. Evansville Community Sch. Dist., 636 F. Supp.2d 812, 826 (W.D. Wis. 2009) (Rule 5 applies to papers by all parties, including involuntary plaintiffs). I further find that the notification process is controlled by the court. See Davis v. Westgate Planet Hollywood Las Vegas, LLC, 2009 WL 4019424, at * 5 (D. Nev. Nov. 19, 2009). Neither party has cited any legal authority directly on point for the discovery requested in the subject motion (docket no. 337), and such discovery being requested is based upon the unique facts, circumstances, and current posture of this

case. The discovery requested under these unique facts, circumstances, and current posture of this case appears to be one of first impression. Here, I conclude that the discovery requested clearly falls within the broad scope of Rule 5, noting the fact that such discovery requested within the subject motion (docket no. 337) was generated in response to Judge Blackburn's court-ordered notice procedures. I further conclude that the consent forms and questionnaires are not specifically exempted from Rule 5's service requirements and that such discovery requested in the subject motion (docket no. 337) is relevant on the issue of the accuracy of the list of opt-in plaintiffs.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion to Require Plaintiff to Comply with Fed. R. Civ. P. 5 Service Requirements with Respect to Conditional Certification Notice Procedures (docket no. 337) is **GRANTED**;
2. That Plaintiff shall provide to Defendant the following discovery on or before March 22, 2013:
    a. The original consent forms submitted by class members who did not return a timely corrected consent form;
    b. ALL completed questionnaires submitted by class members; and
    c. ALL corrected notice forms and related papers issued to class members who earlier submitted the defective consent forms; and
3. That each party shall pay their own attorney fees and costs for the subject

motion (docket no. 337).

Done this 22nd day of February 2013.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE