**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Case No. 11-cv-1840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO TOLL STATUTE OF LIMITATIONS**

**Blackburn, J.**

    This matter is before me on the **Plaintiff's Motion To Toll Statute of Limitations** [#220][1] filed June 28, 2012.  The defendant filed a response [#247], and the plaintiff filed a reply [#254].  I deny the motion.

    This case concerns the plaintiffs' claims under the Fair Labor Standards Act (FLSA).  On October 19, 2011, the plaintiff filed a motion to conditionally certify this case as a collective action under the FLSA.  The motion was briefed fully as of February 2, 2012.  On August 24, 2012, I issued an order [#264] granting conditional certification of an FLSA collective action in this case.

    As is typical in FLSA collective actions, there is a delay between the plaintiffs' filing of the complaint and the ultimate conditional certification of the case as a collective

---

[1] "[#220]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

action. Generally, most potential opt-in plaintiffs do not learn of the pendency of the collective action until after the case has been certified conditionally and the court authorizes notice to be sent to potential opt-in plaintiffs. Meanwhile, the statute of limitations continues to run on the claims of potential plaintiffs who have not opted-in or have not filed independently a suit asserting their FLSA claim.

The plaintiffs ask the court to toll the statute of limitations as to the claims of opt-in plaintiffs and potential opt-in planitiffs as of October 19, 2011, the date on which the plaintiffs filed their motion for conditional certification of this case as a collective action. Absent tolling, the plaintiffs contend, potential opt-in plaintiffs generally have no way to know that they may have the opportunity to opt-in to the case and assert their FLSA claims against the defendant. According to the plaintiffs, potential opt-in plaintiffs did not have "the chance to diligently pursue their rights" until the court entered its order conditionally certifying the collective action and authorizing notice to potential opt-in plaintiffs. *Reply* [#254], p. 5.

The defendant argues that there is no basis to toll the statute of limitations. As the defendant notes, potential opt-in plaintiffs have two options for filing a timely FLSA claim against the defendant: (1) file an individual FLSA suit on their own behalf; or (2) opt-in to this collective action when they become aware of the collective action. According to the defendant, a reasonably diligent opt-in plaintiff can assert his or her FLSA rights and prevent the expiration of their claims under the statute of limitations in either of these two ways. According to the defendant, there is no indication that any opt-in plaintiff who acted diligently to assert his or her FLSA rights against the defendant somehow was thwarted in the effort to assert those rights.

The parties have cited rather voluminous case authority, mostly decisions of United States District Courts, in support of their positions. Having considered that authority, the circumstances of this case, and the parties' arguments, I conclude that the usual rules governing claim accrual and the applicable statute of limitations apply in a FLSA collective action in the same way they apply in other civil actions.

Generally, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. A cause of action accrues even though the plaintiff may not be aware of all of the evidence relevant to his or her claim. **Baker v. Bd. of Regents of State of Kan.**, 991 F.2d 628, 632 (10th Cir. 1993). The time period defined in the applicable statute of limitations begins to run on the day the plaintiff's claim accrues.

Equitable tolling may toll the expiration of the statute of limitations.

> In civil actions, this court has applied equitable tolling when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and "[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights."

**U.S. v. Clymore**, 245 F.3d 1195, 1199 (10th Cir. 2001) (***quoting Biester v. Midwest Health Servs., Inc***, 77 F.3d 1264, 1267 (10th Cir. 1996)). In addition, equitable tolling may be appropriate when the plaintiff demonstrates "extraordinary circumstances" that made it "impossible" for the plaintiff to file a timely lawsuit. ***Id.*** Tolling is available only "when [a plaintiff] diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." **Marsh v. Soares**, 223 F.3d 1217, 1220 (10th Cir. 2000).

One of the cases cited by the plaintiffs applied equitable tolling in an FLSA case, and stated essentially the same standard.

> Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time, such as its excusable ignorance of the statute of limitations.

***Beauperthuy v. 24 Hour Fitness USA, Inc.***, 06-0715SC, 2007 WL 707475 (N.D. Cal. Mar. 6, 2007). The ***Beauperthuy*** court added "excusable ignorance of the statute of limitations" as a factor in applying equitable tolling, but did not state any standard for determining excusable ignorance. *Id*. In essence, the ***Beauperthuy*** court applied equitable tolling to non-California plaintiffs to ensure that they were treated equally to California plaintiffs. *Id*.

Nothing in the record of this case shows that any opt-in plaintiff or any potential opt-in plaintiff was deceived, misled, lulled into inaction, or otherwise faced extraordinary circumstances that made it impossible for them to file a timely FLSA claim. The underlying premise of the plaintiffs' position is that potential opt-in plaintiffs could not know about the facts that are the basis of their possible FLSA claim until they receive notice of a collective action. Generally, potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment with Dollar Tree, and it is those facts and circumstances that allegedly form the basis of each plaintiff's FLSA claim against Dollar Tree. Generally, their claims accrue when they gain knowledge of these facts.

If a particular, putative opt-in plaintiff demonstrates circumstances that justify

equitable tolling, then equitable tolling may be appropriate in that particular case. There is no basis, however, to assume, *a fortiori* without any evidence, that all opt-in plaintiffs or potential opt-in plaintiffs in this case somehow have been prevented from filing a timely FLSA claim based on their employment with Dollar Tree.

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion To Toll Statute of Limitations** [#220] filed June 28, 2012, is **DENIED**.

Dated March 25, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge