## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 11-cv-1840-REB-MJW

TAYNA YOUNG, on her own behalf and on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the **Defendant Dollar Tree Stores, Inc.'s Motion To Dismiss Opt-In Plaintiffs Travis Neria, Jamie Ruse, Johnny Roldan, and Denise Susterich and Memorandum of Law in Support** [#258][1] filed August 13, 2012. The plaintiffs filed a response [#268], and the defendant filed a reply [#281]. I grant the motion in part and deny it in part.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental).

## II. ANALYSIS

The defendants ask the court to dismiss, with prejudice, the claims of opt-in plaintiffs Travis Neria, Jamie Ruse, Johnny Roldan, and Denise Susterich (the Opt-In

---

[1] "[#258]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Plaintiffs) because these four plaintiffs have failed to comply with their discovery obligations. Before imposing dismissal as a sanction, a district court must evaluate the following factors on the record: 1) the degree of actual prejudice to the other party; 2) the amount of interference with the judicial process; 3) the culpability of the litigant; 4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and 5) the efficacy of lesser sanctions. ***Gripe v. City of Enid, Okl.***, 312 F.3d 1184, 1188 (10th Cir. 2002), citing ***Ehrenhaus v. Reynolds***, 965 F.2d 916, 918 (10th Cir. 1992). Applying these factors, I conclude that dismissal with prejudice is an appropriate sanction in this case.

The defendant outlines in its motion [#258] and response [#281] the orders entered in this case which require the Opt-In Plaintiffs to be deposed in Denver, Colorado. The Opt-In plaintiffs do not live in Colorado, and they have sought orders from this court requiring the defendant to depose them in their home states. In March 2012, Opt-In Plaintiffs Jamie Ruse, Johnny Roldan, and Denise Susterich were ordered [#161] to be deposed in Denver, Colorado. Subsequent orders re-stated this obligation. *See, e.g.,* [#220 & #237]. On July 18, 2012, the magistrate judge entered an order [#234] concerning the depositions of opt-in plaintiffs who had not yet been deposed.

> On or before JULY 18, 2012, plaintiff shall provide dates as to the remainder of the opt-in plaintiffs (believed to be 17) for depositions. Plaintiff shall inform opt-in plaintiffs that they may be stricken from the lawsuit if they do not make themselves available for deposition. Parties shall use reason and common sense to make accommodations for the three individuals identified at this time who have special concerns (i.e. lack of child care, health condition). Individuals with these needs are to provide adequate proof of their limiting issues. The parties shall make every effort to set the depositions in JULY and/or EARLY AUGUST, 2012.

*Minute Order* [#234] filed July 9, 2012. This order included Travis Neria, Jamie Ruse, Johnny Roldan, and Denise Susterich.

To date, there is no indication in the record that the four Opt-In Plaintiffs have made themselves available for deposition, despite the defendant's efforts to arrange depositions. The plaintiffs oppose dismissal as a sanction for the failure of the Opt-In Plaintiffs to comply with the court's orders and present themselves for a deposition. First, the plaintiffs argue that the Opt-In Plaintiffs should not be required to travel for their deposition. This issue has been raised repeatedly in this case. Ultimately, the Opt-In Plaintiffs have been ordered to attend depositions in Denver. As previously, in their response [#268] the Opt-In Plaintiffs do not demonstrate that they are not able to travel to Denver for their depositions. The Opt-In Plaintiffs may not litigate this issue yet again via their response.

Second, the plaintiffs contend that representative discovery now is proper because this case has been certified conditionally. However, the court has not ordered representative discovery in this case. Third, the plaintiffs claim that the Opt-In Plaintiffs' responses to written discovery are adequate to serve the needs of the defendant. Written discovery responses cannot be presumed to be an adequate substitute for a deposition. Further, the defendant disputes the adequacy of the Opt-In Plaintiffs' written discovery responses.

This case involves a large number of plaintiffs, and the defendants are entitled to determine which of the plaintiffs have evidence to support a FLSA claim that falls within the parameters of this collective action. The Opt-In Plaintiffs have interfered substantially with the defendants efforts to evaluate the claims of the Opt-In Planitiffs by refusing to comply with their discovery obligations. This constitutes actual prejudice to the defendant.

Refusal to comply with the court's orders, especially with regard to discovery

obligations, constitutes significant interference with the judicial process. Despite repeated notice of their obligation to attend a deposition, the Opt-In Plaintiffs have refuse to comply. The Opt-In Plaintiffs have never shown they are unable to comply with this discovery obligation. Absent such a showing, it is reasonable to conclude that their refusal is willful or caused by some fault of the Opt-In Plaintiffs. In the order [#234] of the magistrate judge, quoted above, the Opt-In Plaintiffs were warned "that they may be stricken from the lawsuit if they do not make themselves available for deposition." *Order* [#234]. Following repeated court orders and a warning that dismissal may be imposed as a sanction, the Opt-In Plaintiffs continue their recusant refusal to comply with the orders of the court. In their response [#268], the plaintiffs give no indication that some lesser sanction would cause the Opt-In Plaintiffs to comply with their discovery obligations. There is no basis in the record to conclude that a sanction less than dismissal with prejudice would cause the Opt-In Plaintiffs to comply with their discovery obligations. Because I impose the harsh sanction of dismissal with prejudice, I deny the defendant's request for an award of fees and costs as an additional sanction against the Opt-In Plaintiffs.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Dollar Tree Stores, Inc.'s Motion To Dismiss Opt-In Plaintiffs Travis Neria, Jamie Ruse, Johnny Roldan, and Denise Susterich and Memorandum of Law in Support** [#258] filed August 13, 2012, is **GRANTED** in part;

2. That the claims of opt-in plaintiffs Travis Neria, Jamie Ruse, Johnny Roldan, and Denise Susterich are **DISMISSED** with prejudice as a sanction for their refusal to comply with their court ordered discovery obligations; and

3. That **Defendant Dollar Tree Stores, Inc.'s Motion To Dismiss Opt-In**

5

**Plaintiffs Travis Neria, Jamie Ruse, Johnny Roldan, and Denise Susterich and Memorandum of Law in Support** [#258] filed August 13, 2012, is **DENIED** to the extent the defendant seeks an award of fees and costs.

Dated March 25, 2013, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge