IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01840-REB-MJW

TANYA YOUNG, on her own behalf and on behalf of others similarly situated,

Plaintiff(s),

v.

DOLLAR TREE STORES, INC.,

Defendant(s).

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that (1) Plaintiffs' Motion to Stay Compliance with the Court's February 14, 2013 Amended Scheduling Order [docket no. 374] (docket no. 383) and (2) Plaintiffs' Motion to Stay Compliance with the Court's February 22, 2013 Order Regarding Defendant's Motion to Require Plaintiff to Comply with Fed. R. Civ. P. 5 Service Requirements with Respect to Conditional Certification Notice Procedure [docket no. 379](docket no. 391) are both **DENIED** for the following reasons.

"A stay is not a matter of right, even if irreparable injury might otherwise result." United States v. Roe, 2010 WL 3777606, at *1 (D. Colo. Sept. 20, 2010) (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)). It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." Id. (quoting Virginian, 272 U.S. at 672-73). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id.

When determining the propriety of a stay, a district court should consider: (1) whether the [movant] is likely to prevail; (2) whether, absent a stay, the [movant] will suffer irreparable harm; (3) whether the issuance of a stay will cause substantial harm to the other parties to the proceedings; and (4) the public interests at stake. United Steelworkers of Am. v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). "A stay of a magistrate judge's discovery order should be granted sparingly." HEI Resources East OMG Joint Venture v. Evans, 2009 WL 250364, at *2 (D. Colo. Feb. 3, 2009). Such a stay "may be appropriate where there is a serious issue about the propriety of the ruling and where failure to render a stay could result in serious, irreversible injury to the party seeking the stay." Id. "Thus, for example, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like."

2

Here, I find that Plaintiffs have failed to demonstrate "good cause" for a stay. Plaintiffs are not likely to succeed on their Rule 72 objections (docket nos. 382 and 386). The scope of written discovery and the location and length of depositions are within the court's authority under 28 U.S.C. § 636(b)(1). I further find that Plaintiffs have not demonstrated irreparable harm that may result if a stay is not granted. Instead, I find that harm may result to Defendant if a stay is granted, noting that deadlines have been set to complete some massive discovery, to file dispositive motions, and to file any motion for decertification, and a final pretrial conference has been set. See docket nos. 373 and 374. In addition, a trial preparation conference date and jury trial date have been set by Judge Blackburn. See docket no. 356. Moreover, individualized discovery to Opt-In Plaintiffs is neither "clearly erroneous" nor "contrary to law." See <u>Whittington v. Taco Bell of Am., Inc.</u>, 2012 WL 3705046, at *2-3 (D. Colo. Aug. 27, 2012) (in a collective action, denying the plaintiffs' motion for reconsideration of an amended scheduling order permitting the defendant to serve written discovery on all the opt-in plaintiffs). Lastly, I find that the public's interest in the speedy resolution of disputes will be harmed if a stay is granted, and the purposes of Fed. R. Civ. P. 1 and the Civil Justice Reform Act would be circumvented if a stay were to be granted under the facts, circumstances, and current posture of this case. For all of these reasons, the subject motions (docket nos. 383 and 391) should be denied.

Date: April 2, 2013