**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:11-cv-01840-RM-MJW

TANYA YOUNG, on her own behalf and
on behalf of others similarly situated,

    Plaintiffs,

v.

DOLLAR TREE STORES, INC.

    Defendant.

---

## ORDER

---

WHEREAS, Plaintiffs Tanya Young, Alisha Kelley, Letti Hayden, Debrah Caraccio, Keisha Miller, Cory Candurra, John Donohue, Adam Haddock, Raymond Lyons, Konrad Vendrak, Quinala Young, Janet Russell, David Kerschke, David Santiago, Lorelei Campbell, Gaby Thomas, Danes Jado, Thomas Street, Jerry Godwin, Amy Fuller, Raymond Dery, Yolanda Johnson, Maxine Houston, Tanisha Moffett and Katherine Turner ("Plaintiffs") bring this Action asserting claims against Defendant Dollar Tree Stores, Inc. ("Dollar Tree") (collectively, the "Parties"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") related to their employment at Dollar Tree;

WHEREAS, Dollar Tree explicitly and expressly denies all of the allegations in this Action, and further denies that it has caused Plaintiffs any damage or injury, or in any way acted in an unlawful or improper manner toward and/or in connection with Plaintiffs' employment with Dollar Tree; and

WHEREAS, to avoid the possible future costs, burdens, or distractions of litigation, Plaintiffs and Dollar Tree have entered into settlements resolving all of Plaintiffs' claims in this matter and now desire and consent to dismissal with prejudice of all of Plaintiffs' claims in the above-captioned Action;

WHEREAS, copies of the settlement agreements have been filed under Restricted Level 1 for the Court's review;

WHEREAS, pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See* 29 U.S.C. § 216(b); *Lynn's Food Stores*, *Inc., v. U.S.,* 679 F.2d 1350, at 1354; *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, at 712-13 (1945);

WHEREAS, the Parties have been represented, at all times, by experienced counsel, and there has been sufficient investigation and discovery with respect to Plaintiffs' claims to allow counsel to act intelligently and to make an informed decision regarding settlement;

WHEREAS, the Parties expressly agree that the settlement, the terms of which are contingent upon approval by the Court, represents a fair and equitable resolution of this matter;

NOW THEREFORE, the Parties respectfully request that this Court:

(1) approve the settlement between the Parties,

(2) dismiss in their entirety, with prejudice and with each party to bear its own costs and attorneys' fees except as set forth in the executed Agreements, the claims of Plaintiffs Tanya Young, Alisha Kelley, Letti Hayden, Debrah Caraccio, Keisha Miller, Cory Candurra, John Donohue, Adam Haddock, Raymond Lyons, Konrad Vendrak, Quinala Young, Janet Russell, David Kerschke, David Santiago, Lorelei Campbell, Gaby Thomas, Danes Jado, Thomas Street, Jerry Godwin, Amy Fuller, Raymond Dery, Yolanda Johnson, and Maxine Houston,

(3) dismiss in their entirety the claims of Plaintiff Tanisha Moffett and Katherine Turner, with each party to bear its own costs and attorneys' fees except as set forth in the Agreements once executed, which dismissal shall be with prejudice if Plaintiffs Moffett and Turner timely return within twenty-one (21) days of the entry of this Order executed Settlement Agreements, or if Plaintiffs Moffett and Turner fail to sign and return their Agreements within twenty-one days of the entry of this Order, the claims of Plaintiffs Moffett and Turner shall be dismissed without prejudice except as may otherwise occur by operation of law, and

(4) retain jurisdiction as necessary to enforce the Parties' settlement to the extent permitted by applicable law.

The Parties are instructed to file, within thirty-three (33) days of the entry of this Order, a stipulated notice indicating whether Plaintiffs Moffett and Turner timely returned executed Settlement Agreements such that their dismissal is with prejudice.

SO ORDERED this 28th day of February, 2014 *nunc pro tunc*.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge